# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3156

_____

United States of America,                    *
                                             *
              Appellee,                       *
                                             *    Appeal from the United States
       v.                                     *    District Court for the
                                             *    District of Nebraska.
Jerry Lee Zuniga,                             *
                                             *         [PUBLISHED]
              Appellant.                       *

_____

Submitted: May 11, 2009
Filed: September 1, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jerry Lee Zuniga filed a motion to suppress and a motion to dismiss his indictment charging him with failure to register as a sex offender after traveling in interstate commerce, in violation of 18 U.S.C. § 2250(a). Following a hearing, the magistrate judge[1] recommended that Zuniga's motions be denied. The district court[2] adopted the magistrate judge's Report and Recommendation in its entirety. Zuniga

_____

[1]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

then entered into a conditional plea agreement with the government in which he reserved his right to appeal from the denial of his motion to dismiss. The district court sentenced Zuniga to 15 months' imprisonment, followed by five years of supervised release. Zuniga now brings this appeal challenging the constitutionality of the federal Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901–16991, and its corresponding criminal offense statute, 18 U.S.C. § 2250. We affirm.

## I. *Background*

In 1998, Zuniga pleaded guilty to unlawful sexual activity with a minor and attempted forcible sex abuse, both third degree felonies under Utah law. In December 2005, Zuniga registered as a sex offender pursuant to Utah's sex offender registration law. He was also advised of his continuing obligation to register annually and within five days of every change of residence. Authorities from the Utah Sex Offender Registration Program sent notice to Zuniga on July 11, 2006, reminding him that his registration was due by July 31, 2006.

Zuniga stipulated that on or about February 6, 2007, he traveled by bus from Utah to Nebraska. He resided in Nebraska until November 2007, when federal authorities arrested him pursuant to a warrant. A federal grand jury indicted Zuniga for violating SORNA by traveling in interstate commerce and knowingly failing to register as a sex offender in Nebraska.

Zuniga moved to dismiss the indictment on various constitutional grounds. The magistrate judge recommended that the district court deny his motion and the district court adopted the magistrate judge's Report and Recommendation. Zuniga then entered into a conditional plea agreement with the government in which he reserved his right to appeal from the denial of his motion to dismiss. The district court sentenced him to 15 months' imprisonment, followed by five years of supervised release. Zuniga appeals, challenging the constitutionality of SORNA.

## II. *Discussion*

Zuniga first argues that SORNA did not apply to him at the time that he traveled in interstate commerce. Second, he argues that SORNA violates the Ex Post Facto Clause, the Commerce Clause, and the non-delegation doctrine. Each of these arguments, including the applicability of SORNA, were disposed of by this court in *United States v. May*, 535 F.3d 912 (8th Cir. 2008). We have previously held that "[o]ne panel of this Court is not at liberty to disregard a precedent handed down by another panel." *Drake v. Scott*, 812 F.2d 395, 400 (8th Cir. 1987). Only the court en banc may overrule circuit precedent, subject to a limited exception in the case of an intervening Supreme Court decision that is inconsistent with circuit precedent. *Young v. Hayes*, 218 F.3d 850, 853 (8th Cir. 2000). Mindful of this precedent, Zuniga candidly admits that he is advancing this appeal solely to preserve the issues for en banc or Supreme Court review. We will address each of his issues to ensure that they were previously disposed of in their entirety by this court in *May*.

Finally, Zuniga argues that SORNA impermissibly encroaches upon state power in violation of the Tenth Amendment. As all of his arguments raise constitutional issues or are federal issues requiring statutory interpretation, we will apply a de novo standard of review. *May*, 535 F.3d at 915.

### A. *Applicability of SORNA*

Zuniga argues that SORNA is inapplicable to him because his travel in interstate commerce occurred before the Attorney General issued an interim ruling designating the applicability of SORNA to offenders convicted before SORNA's date of the enactment. But *May* has already expressly foreclosed this argument. *Id*. at 915–19.

SORNA provides, in pertinent part:

(a) In general.

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration.

The sex offender shall initially register—

(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or

(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current. A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b).

The Attorney General shall have the authority to specify the applicability of the requirements of this title to sex offenders convicted before the enactment of this Act [enacted July 27, 2006] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b).

42 U.S.C. § 16913(a)–(d).

On February 28, 2007, the Attorney General issued an interim rule, effective February 28, 2007, which states:

> The requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to enactment of that Act.

28 C.F.R. § 72.3.

In *May*, the defendant traveled in interstate commerce after enactment of SORNA but before the Attorney General made the statute retroactive. 535 F.3d at 915. The defendant argued that SORNA did not apply to him because his interstate travel occurred prior to the Attorney General's interim ruling. *Id*. We disagreed holding that SORNA's registration requirements applied to the defendant at the time that SORNA was enacted in 2006. *Id*. at 916. We concluded that the Attorney General's interim rule did not apply to the defendant because he was required to keep his registration current prior to the enactment of SORNA. *Id*. at 919. Therefore, the interim rule did not affect the defendant. *Id*.

Zuniga, who traveled in interstate commerce after SORNA's enactment but before the Attorney General issued its interim rule, is in the same position as was the defendant in *May*. Therefore, like the defendant in *May*, Zuniga was already obligated to register under SORNA, and the interim rule did not affect this obligation. Because we may not overrule prior precedent, *Drake,* 812 F.2d at 400, we hold that SORNA applied to Zuniga at the time he traveled in interstate commerce.

Zuniga's reliance on the Tenth Circuit decision in *United States v. Husted*, 545 F.3d 1240 (10th Cir. 2008), in support of his position is misplaced. In *Husted*, the Tenth Circuit held SORNA to be inapplicable where the defendant traveled in interstate commerce before the Attorney General issued its interim rule and before the

enactment of SORNA. *Id*. at 1241. Because Zuniga traveled *after the* enactment of SORNA, *Husted* is inapposite. The more analogous Tenth Circuit case is *United States v. Lawrance*, 548 F.3d 1329 (10th Cir. 2008). In *Lawrance*, the defendant traveled in interstate commerce without registering after enactment of SORNA but before the Attorney General's interim rule. *Id*. at 1336. The Tenth Circuit held that SORNA applied to the defendant. *Id*. Therefore, we conclude that SORNA applies.

## B. *Ex Post Facto Clause*

Zuniga argues that because SORNA increases the punishment for failure to register, it violates the Ex Post Facto Clause. He also argues that because SORNA punishes him for conduct that occurred before SORNA was applicable to him, it violates the Ex Post Facto Clause. We previously rejected these arguments in *May*, 535 F.3d at 919–20.

The United States Constitution states that "[n]o Bill of Attainder or Ex Post Facto law shall be passed." U.S. Const. art. I, § 9. In *May*, we first had to determine whether "Congress intended SORNA to impose punishment for a pre-existing crime" or whether Congress intended "'to enact a regulatory scheme that is civil and nonpunitive.'" *May*, 535 F.3d at 919 (quoting *Smith v. Doe*, 538 U.S. 84, 92 (2003)). We noted that Congress stated that its purpose in creating SORNA was "'to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators.'" *Id*. at 920 (quoting 42 U.S.C. § 16901). Therefore, Congress's intent was to "create a public safety measure." *Id*. at 920.

We must further examine the statute to determine "if the statutory scheme is so punitive that it negates Congress's intention to deem the act civil." *Id*. "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id*. (internal citations omitted). "The only punishment that can arise under SORNA comes from a violation of § 2250, which punishes convicted sex offenders who travel in interstate commerce after the

enactment of SORNA and who fail to register as required by SORNA." *Id.* Of course, Congress clearly intended SORNA to apply to defendants convicted before SORNA's passage.[3] Congress's intent was to create a "comprehensive national system" for registering sex offenders. *Id.* (quoting 42 U.S.C. § 16901). In *May*, we held that the statute does not punish an individual for previously being convicted of a sex offense, but it instead merely "punishes an individual for traveling in interstate commerce and failing to register." *May*, 535 F.3d at 920. Therefore, the statute does not violate the Ex Post Facto Clause.[4] *See id.* Moreover, as we have already determined, Zuniga is subject to SORNA. *See* Part II.A.

## C. *Commerce Clause*

Zuniga also argues that SORNA violates the Commerce Clause because it does not establish a nexus to interstate commerce. According to Zuniga, a jurisdictional element is not sufficient to provide the link between the statute and interstate commerce. We previously addressed this issue in *May*. 535 F.3d at 921–22.

Congress's authority to regulate commerce among the states includes the power to regulate: (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "those activities having a substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

---

[3]Section 16911(1) of 42 U.S.C. defines sex offender as "an individual who was convicted of a sex offense."

[4]As in *May*, Zuniga argues that the ten-year punishment imposed by SORNA violates the Ex Post Facto Clause because it is greater than any federal punishment he could have received. We addressed and disposed of this very issue in *May*. *May* referenced the Lyncher Act, 42 U.S.C. § 14072(I), a federal statute that subjected failure-to-register violations with a maximum ten years' imprisonment. *May*, 535 F.3d at 920 n.4 (citing § 14072(I)). Therefore, Zuniga's argument necessarily fails.

In *May*, we noted that SORNA requires the government to prove that the defendant traveled in interstate commerce and thereafter failed to register under SORNA. 535 F.3d at 921 (citing 18 U.S.C. § 2250(a)(2)(B)). We held that SORNA "derives its authority from each prong of *Lopez*—and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'" *Id*. Therefore, SORNA provides a "sufficient nexus to interstate commerce." *Id*. Zuniga's argument fails.

### D. *Non-Delegation Doctrine*

Zuniga argues that SORNA violates the non-delegation doctrine because Congress improperly delegated authority to legislate the scope of SORNA to the Attorney General. But he recognizes that a litigant in his position lacks standing to raise this challenge. *May*, 535 F.3d at 921.

Section 16913(b) of 42 U.S.C. requires sex offenders to initially register before completing imprisonment. Congress enacted § 16913(d) to grant the Attorney General the authority to enforce the statute against sex offenders convicted before enactment of the Act or to "sex offenders unable to comply with subsection b." 42 U.S.C. § 16913(d). We held in *May* that "[b]ecause [the defendant] was not a person unable to register before SORNA's enactment and § 16913(d)'s authorizing the Attorney General to promulgate rules regarding its applicability does not even apply to him, [the defendant] lacks standing to raise this challenge." 535 F.3d at 921. Section 16913(b) applied because of the age of the *May* defendant's conviction. *Id*. at 918–19. Because Zuniga, like the defendant in *May*, was able to register pursuant to SORNA but failed to do so, § 16913(d) does not apply to him. Therefore, Zuniga lacks standing to bring a challenge to that section. *See id*. at 921.[5]

---

[5]Zuniga also contends that, because the Attorney General bypassed the notice and comment requirements of the APA, § 16913(d) is unenforceable. The APA requires a federal agency to provide at least 30 days' notice of a proposed rule in the Federal Register to give interested persons an opportunity to comment. 5 U.S.C. § 553

E. *Tenth Amendment*

Finally, Zuniga argues that SORNA is unconstitutional because it compels local law enforcement to accept registrations from federally-mandated sex offender programs in violation of the Tenth Amendment, which provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend X. We need not address the merits of Zuniga's Tenth Amendment argument because he does not have standing to raise this issue. *United States v. Hacker*, 565 F.3d 522, 525–26 (8th Cir. 2009).

In *Hacker*, the defendant also argued that SORNA violated the Tenth Amendment by encroaching on state power. *Id*. at 525. Although the parties in *Hacker* did not raise standing as an issue, we addressed it sua sponte. *Id*. at 525–26 & n.3. We joined the majority of circuits and held that "a private party does not have standing to assert that the federal government is encroaching on state sovereignty in violation of the Tenth Amendment absent the involvement of a state or its instrumentalities." *Id*. at 526 (citing *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 972 (9th Cir. 2009); *Brooklyn Legal Servs. Corp. B v. Legal Servs. Corp.*, 462 F.3d 219, 234–36 (2d Cir. 2006); *Medeiros v. Vincent*, 431 F.3d 25, 33–36 (1st Cir. 2005); *United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004)).

Here, just as in *Hacker*, Zuniga is challenging SORNA in his individual capacity, and he does not assert the "involvement of a state or its instrumentalities."

---

(d). This requirement may only be bypassed upon a showing of "good cause." *United States v. Gavrilovic*, 551 F.2d 1099, 1103 (8th Cir. 1977). The Attorney General averred that the notice and comment period should be avoided because any delay in implementing the statute would "impair immediate efforts to protect the public from sex offenders." 72 Fed. Reg. 8894, 8896. Zuniga argues that this reasoning does not amount to "good cause." But, as we held above, Zuniga lacks standing to bring a challenge to § 16913(d). Therefore, we need not address this argument.

*Id*. at 526. Nor has Zuniga argued that his interests are aligned with any state's interest. *See id*. at 527 n.6 (leaving open the possibility of a Tenth Amendment challenge where the private party asserts that his interests are aligned with a state's interest). Because Zuniga is a private party, he lacks standing to raise a Tenth Amendment challenge to SORNA.

## III. *Conclusion*

The judgment of the district court is affirmed.

_____