# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3607

_____

United States of America,                    *
                                              *
              Appellee,                       *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    District of Nebraska.
Jerry Wayne Waddle,                           *
                                              *
              Appellant.                      *

_____

Submitted:   May 10, 2010
    Filed:   July 22, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Jerry Wayne Waddle was indicted on one count of failing to register under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991, in violation of 18 U.S.C. § 2250(a). He moved to dismiss the indictment, raising constitutional and statutory challenges to SORNA's implementation, registration requirements, and criminal enforcement provisions. After the district

court[1] denied the motion, Waddle entered into a conditional guilty plea, reserving his right to challenge SORNA on appeal. We affirm.

## I. Factual Background

In 1997, Waddle was convicted in Oklahoma for felony lewd molestation of a child and sentenced to ten years' imprisonment. He was released from custody in 2002. As a result of his conviction, the state of Oklahoma required Waddle to register as a sex offender. Waddle was notified three times of his state law duty to register and completed two duty-to-register forms in Oklahoma.

In February 2009, the St. Paul, Nebraska, police department received a report that Waddle was living in Nebraska and that he was a convicted sex offender. The department's investigation revealed that Waddle was a sex offender, that he had been living in Nebraska since September 2008, and that he had not registered as a sex offender in the state. Waddle was promptly arrested and charged.

The indictment alleged that from September 1, 2008, until February 10, 2009, Waddle traveled in interstate commerce to Nebraska and knowingly failed to register as a sex offender in Nebraska, where he resided. Following the entry of Waddle's conditional guilty plea, Waddle was sentenced to twenty-four months' imprisonment.

## II. Statutory Background

SORNA requires a sex offender to register and keep his registration current in each jurisdiction where he resides, works, or attends school. 42 U.S.C. § 16913(a). After a change of name, residence, employment, or student status, a sex offender must

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable F.A. Gossett, III, United States Magistrate Judge for the District of Nebraska.

appear in the relevant jurisdiction and inform that jurisdiction of the changes required to be made in the sex offender registry. Id. at § 16913(c). That jurisdiction, then, is required to immediately provide the information to all other jurisdictions in which the offender is required to register. Id.

Under 18 U.S.C. § 2250, criminal liability is imposed on any person who is required to register under SORNA, travels in interstate commerce, and knowingly fails to update his registration.

## III.  Analysis

Waddle raises the same constitutional and statutory arguments on appeal as he did below. He contends that enforcing SORNA against him violates the Ex Post Facto Clause and the Due Process Clause and that SORNA's registration and criminal enforcement provisions violate the Commerce Clause. Waddle further alleges violations of the nondelegation doctrine, the Administrative Procedure Act (APA), and the Tenth Amendment. Waddle acknowledges that his arguments are likely foreclosed by our prior panel decisions, but seeks to preserve them for en banc or Supreme Court review. We review *de novo* the denial of Waddle's motion to dismiss the indictment, as well as his constitutional and statutory challenges. See United States v. Hacker, 565 F.3d 522, 524 (8th Cir. 2009) (standard of review).

### A. Ex Post Facto Clause

Waddle argues that his prosecution under § 2250(a) violates the Ex Post Facto Clause because his qualifying sex offense predated the enactment of SORNA and § 2250 has never properly been made retroactive. We rejected the same argument in United States v. May, concluding that § 2250 does not punish a defendant for previously having been convicted of a sex crime, but rather "punishes convicted sex offenders who travel in interstate commerce after the enactment of SORNA and who fail to register as required by SORNA." 535 F.3d 912, 920 (8th Cir. 2008). We are

bound by our prior panel decision. United States v. Zuniga, 579 F.3d 845, 848 (8th Cir. 2009) (per curiam).

We note that our opinion in May is consistent with the Supreme Court's recent opinion in Carr v. United States, 130 S. Ct. 2229 (2010). In Carr, the Supreme Court held that liability under § 2250 "cannot be predicated on pre-SORNA travel." Id. at 2233. In reaching its holding, the Court determined that § 2250 must be read sequentially. Id. at 2235-36. The first precondition to criminal liability is the requirement to register under SORNA, which can occur only after SORNA's enactment. Id. After an individual becomes subject to SORNA's registration requirements, that person can be convicted under § 2250 if he travels in interstate commerce and fails to register or update his registration as required by SORNA. Id.

Waddle's failure-to-register conviction comports with the analysis in May and Carr. Waddle committed a qualifying sex offense in 1997. Accordingly, he was required to register under SORNA after its enactment on July 27, 2006.[2] See § 2250(a)(1); May, 535 F.3d at 915-19. When he traveled in interstate commerce to Nebraska in September 2008 and thereafter failed to register, he violated § 2250. Waddle's prosecution thus was not retrospective and did not violate the Ex Post Facto Clause. See May, 525 F.3d at 920; see also Zuniga, 579 F.3d at 849-50.

---

[2]We have held that persons with qualifying sex convictions became subject to SORNA's registration requirements upon the statute's enactment on July 27, 2006. May, 535 F.3d at 915-19. Other Circuits have held that SORNA did not apply to qualifying sex offenders until the Attorney General provided for their inclusion by issuing the interim regulation on February 28, 2007. E.g., United States v. Cain, 583 F.3d 408, 414-19 (6th Cir. 2009); United States v. Hatcher, 560 F.3d 222, 226-29 (4th Cir. 2009); United States v. Dixon, 551 F.3d 578, 582 (7th Cir. 2008); United States v. Madera, 528 F.3d 852, 857-59 (11th Cir. 2008). The Supreme Court acknowledged the disagreement among the Circuits, but did not resolve the issue "whether a pre-SORNA sex offender whose travel and failure to register occurred between July 2006 and February 2007 is subject to liability under § 2250." Carr, 130 S. Ct. at 2234 n.2.

## B. Due Process Clause

Waddle argues that enforcement of § 2250 against him violates the Due Process Clause of the Fifth Amendment because he was not given fair warning of SORNA's registration requirements. We rejected this argument in May, finding no due process violation because the defendant "admitted he knew, based on previously enacted state laws, he had an obligation to register and keep his registration current when moving between jurisdictions." 535 F.3d at 921; see also United States v. Baccam, 562 F.3d 1197, 1200 (8th Cir. 2009) (concluding that the defendant had adequate notice of registration requirements based on the information provided to him from the state, "even if that notice did not explain that failure to register would be a violation of federal law as well as state law"). Similarly, Waddle has stipulated that he had been notified of his state law obligation to register, and his due process claim fails.

## C. Commerce Clause

Waddle challenges the constitutionality of SORNA's registration requirements under 42 U.S.C. § 16913 and the accompanying criminal penalties under 18 U.S.C. § 2250, arguing that Congress exceeded its authority under the Commerce Clause in enacting the provisions. His Commerce Clause arguments are foreclosed by our opinions in May and United States v. Howell, 552 F.3d 709 (8th Cir. 2009).

In May, we held that § 2250 was an appropriate use of Congress's power to regulate "the use of the channels of interstate commerce," and "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." 535 F.3d at 921-22 (quoting United States v. Lopez, 514 U.S. 549, 558-59 (1995)); see also Carr, 130 S. Ct. at 2235 (noting that a sequential reading of § 2250(a) "helps to assure a nexus between a defendant's interstate travel and his failure to register as a sex offender"). In Howell, we concluded that SORNA aimed to regulate the interstate travel of sex offenders and the registration requirement of § 16913 was "a necessary part of a more general

regulation of interstate commerce." 552 F.3d at 717 (quoting Gonzales v. Raich, 545 U.S. 1, 37 (2005) (Scalia, J., concurring)). We therefore held that an analysis of § 16913 under the broad authority granted to Congress through both the Commerce Clause and the enabling Necessary and Proper Clause reveals that the statute is constitutionally authorized. Id. at 717. We are bound by the decisions of the May and Howell panels, and we reject Waddle's argument. See Hacker, 565 F.3d at 525.

## D. Nondelegation Doctrine, Administrative Procedure Act, Tenth Amendment

Waddle lacks standing to raise his remaining arguments. In May, we concluded that the Attorney General's interim regulation making SORNA retroactively applicable to some sex offenders did not apply to sex offenders who were required to register before SORNA was enacted. 535 F.3d at 921. Waddle was required to register under state law before SORNA was enacted. Therefore, the interim regulation is not applicable to Waddle, and he lacks standing to challenge the statute's grant of authority under the nondelegation doctrine and the interim regulation under the APA.[3] See Hacker, 565 F.3d at 528 (no standing to raise APA challenge); May, 535 F.3d at 921 (no standing to raise nondelegation doctrine challenge); see also Zuniga, 579 F.3d at 850. Furthermore, private parties acting in an individual capacity, such as Waddle, do not have standing to assert that SORNA violates the Tenth Amendment by commandeering state officials to administer federal law. See Hacker, 565 F.3d at 527 (no standing to raise Tenth Amendment challenge); see also Zuniga, 579 F.3d at 851 (applying Hacker).

## IV. Conclusion

The judgment is affirmed.

_____

[3]In its recent decision, the Supreme Court expressed no opinion as to whether the interim regulation, 28 C.F.R. § 72.3, was properly promulgated. Carr, 130 S. Ct. at 2234 n.2