# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3216

_____

United States of America,

             Appellee,

    v.

Chance Wood Slisz,

             Appellant.

\*
\*
\*
\*    Appeal from the United States
\*    District Court for the
\*    Western District of Missouri.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: November 15, 2010
Filed: November 29, 2010

_____

Before WOLLMAN, HANSEN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Chance Wood Slisz appeals his conviction for violating the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250, arguing that SORNA is unconstitutional under a variety of theories. Slisz was previously convicted of procuring a child for prostitution under Oklahoma law on October 26, 2007. He received a deferred sentence and was placed on four years of probation. Slisz moved to Missouri in October 2008, but he failed to register as a sex offender in Missouri. Slisz was arrested and indicted on November 18, 2008, in federal court for violating

SORNA. The district court[1] denied his motion to dismiss the indictment challenging SORNA's constitutionality, and Slisz conditionally pleaded guilty, receiving a sentence of twelve months and one day. Slisz appeals the denial of his motion to dismiss the indictment.

Slisz challenges SORNA's constitutionality on three grounds: 1) as an impermissible exercise of Congress's power under the Commerce Clause, 2) as a violation of the non-delegation doctrine, and 3) as a violation of the Tenth Amendment. As Slisz recognizes, we have previously rejected a Commerce Clause challenge to SORNA, see United States v. May, 535 F.3d 912, 921-22 (8th Cir. 2008) (upholding SORNA based on the first and second prongs of United States v. Lopez, 514 U.S. 549, 558-59 (1995)), cert. denied, 129 S. Ct. 2431 (2009), and we are bound by that holding, see United States v. Waddle, 612 F.3d 1027, 1029 (8th Cir. 2010). Likewise, as in May, Slisz lacks standing to challenge Congress's delegation of authority to the Attorney General to promulgate rules concerning the applicability of SORNA "[b]ecause [he] was not a person unable to register before SORNA's enactment." May, 535 F.3d at 921. His Oklahoma conviction occurred after the enactment of SORNA, so any rules promulgated by the Attorney General did not apply to Slisz. Finally, Slisz lacks standing to raise a Tenth Amendment challenge to SORNA. See Waddle, 612 F.3d at 1031 ("[P]rivate parties acting in an individual capacity, such as [defendant], do not have standing to assert that SORNA violates the Tenth Amendment by commandeering state officials to administer federal law.").

The district court's judgment is affirmed.

————————————————

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.