# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3410

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Carl E. Lucas, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 13, 2011
Filed: June 21, 2011

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

Carl Lucas pleaded guilty to violating 18 U.S.C § 2250(a) based on his failure to register as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991. The district court[1] sentenced Lucas to a term of twenty-eight months in prison, with ten years of supervised release to follow. Lucas entered a conditional plea which preserved his right to bring this appeal.

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

In the present appeal, Lucas argues SORNA violates the (1) Due Process Clause; (2) Ex Post Facto Clause; (3) the constitutional doctrine of non-delegation; (4) the notice and comment requirements of the Administrative Procedure Act (APA), 5 U.S.C. § 553; and (5) the Commerce Clause of the U.S. Constitution. Because the issues presented before this court involve "either statutory interpretation of SORNA or constitutional challenges to SORNA's applicability," we review each issue de novo. United States v. May, 535 F.3d 912, 915 (8th Cir. 2008).

We are bound by our prior precedent, and reject each of Lucas's challenges. See May, 535 F.3d at 921 (rejecting a claim SORNA violates the Due Process Clause when defendant has prior notice of state registration requirements); United States v. Waddle, 612 F.3d 1027, 1029 (8th Cir. 2010) (concluding SORNA does not violate the Ex Post Facto Clause); United States v. Zuniga, 579 F.3d 845, 850-51 (8th Cir. 2009) (concluding defendant had no standing to bring non-delegation doctrine challenge because § 16913(d) does not apply to defendants who were required to register prior to enactment of SORNA); United States v. Hacker, 565 F.3d 522, 528 (8th Cir. 2009) (concluding defendant had no standing to raise APA challenge to SORNA); United States v. Howell, 552 F.3d 709, 717 (8th Cir. 2009) (concluding SORNA is constitutionally authorized under the Commerce Clause and the Necessary and Proper Clause).

We therefore affirm the judgment of the district court.

_____