# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2820

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Bobby Lynn Springston, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 9, 2011
Filed: August 18, 2011

_____

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Bobby Lynn Springston entered a conditional guilty plea to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250. The district court sentenced him to 36 months' imprisonment and 10 years' supervised release. Springston appeals the district court's denial of his motion to dismiss the indictment, and three special conditions of supervised release imposed by the district court. We affirm Springston's conviction, vacate the challenged special conditions of supervised release, and remand for further proceedings.

Springston was convicted of sexual assault in 1986 in a Texas state court. As a result of the conviction, he was required under Texas law to register as a sex offender for the rest of his life, and he signed a notification form to that effect on February 11, 2008. But in February 2009, Arkansas law enforcement officers learned that Springston was living in Arkansas, and that he was subject to arrest for failure to register as a sex offender based on outstanding warrants from Texas. Following Springston's arrest on the Texas warrants, an official with the Arkansas sex offender registry determined that Springston had not registered as required as a sex offender in Arkansas.

A federal grand jury returned a one-count indictment charging Springston with knowingly failing to register as a sex offender in Arkansas, as required under the Sex Offender Registration and Notification Act ("SORNA"), after traveling in interstate commerce. The district court denied Springston's motion to dismiss the indictment, and he entered a conditional plea of guilty. The district court sentenced Springston to 36 months' imprisonment, to be served consecutively to two undischarged Texas state-court sentences, and 10 years' supervised release with special conditions. Springston objected at the sentencing hearing to four of the special conditions of supervised release, but the district court overruled Springston's objections.

On appeal, Springston challenges the denial of his motion to dismiss the indictment. He argues that Congress exceeded its power under the Commerce Clause in enacting 42 U.S.C. § 16913, which requires that a sex offender register in the jurisdiction in which he resides, and 18 U.S.C. § 2250, which makes failure to register a federal offense. He also contends that, as a matter of law, he could not have knowingly failed to register under SORNA, because he was not notified of SORNA's registration requirement. And he argues that because he was not so notified, application of SORNA to his conduct violates the Due Process Clause of the Fifth Amendment. Finally, he asserts that SORNA violates the non-delegation doctrine by authorizing the Attorney General to determine its scope. Springston concedes,

however, that the foregoing arguments are foreclosed by our precedent. *See United States v Zuniga*, 579 F.3d 845, 850-51 (8th Cir. 2009) (per curiam), *cert. denied*, 130 S. Ct. 3384 (2010) (defendant in Springston's position lacks standing to challenge SORNA under the non-delegation doctrine); *United States v. Baccam*, 562 F.3d 1197, 1198-1200 (8th Cir. 2009) (notice of state registration requirements satisfies the "knowingly" element); *United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009) (§ 16913 is constitutional under the Commerce Clause and the Necessary and Proper Clause); *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008) (notice of state registration requirements satisfies due process); *id.* at 921-22 (§ 2250 is constitutional under the Commerce Clause). Accordingly, we affirm the district court's denial of the motion to dismiss the indictment.

Springston also renews challenges to three of the special conditions of his supervised release: special condition 2, which prohibits him from having unsupervised contact with minors; special condition 3, which provides that he may not access the Internet without prior approval from the probation office and may not have Internet access at his residence; and special condition 6, which requires that he submit to mental health testing or treatment with an emphasis on sex offender treatment, as deemed necessary and directed by a probation officer. We review the special conditions for abuse of discretion. *United States v. Durham*, 618 F.3d 921, 933 (8th Cir. 2010).

A district court has broad discretion to impose special conditions of supervised release, so long as each condition complies with the requirements set forth in 18 U.S.C. § 3583(d). *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006). Section 3583(d) first requires that a special condition must be reasonably related to the nature and circumstances of the offense of conviction, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. 18 U.S.C. § 3583(d)(1); *see id.* § 3553(a)(1), (a)(2)(B)-

(D). A special condition need not be related to all the factors; the factors are to be weighed independently. *United States v. Camp*, 410 F.3d 1042, 1046 (8th Cir. 2005). Second, a special condition also must involve no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide for the defendant's educational, vocational, medical, and other correctional needs. 18 U.S.C. § 3583(d)(2); *see id.* § 3553(a)(2)(B)-(D). Finally, a special condition must be consistent with any pertinent policy statements issued by the Sentencing Commission. *Id.* § 3583(d)(3). In fashioning a special condition of supervised release, a court "must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as 'to ensure that the special condition satisfies the statutory requirements.'" *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011) (quoting *United States v. Curry*, 627 F.3d 312, 315 (8th Cir. 2010) (per curiam)).

Springston argues that the district court abused its discretion by imposing special conditions 2, 3, and 6, because they do not comply with any of the requirements in § 3583 and are not supported by particularized findings. The government concedes that the district court erred by imposing special condition 3, and we agree. The record, as the government describes it, is "devoid of evidence that [Springston] has ever used a computer for any purpose." We therefore vacate special condition 3.

We likewise conclude that the district court abused its discretion by imposing special conditions 2 and 6 without adequate explanation. The court's only statement regarding the need for those special conditions came in response to Springston's objections at the sentencing hearing. At that point, the court said that "Mr. Springston's history as a sex offender justifies all of those conditions."

-4-

Our cases say that a court may impose a special condition on the ground that it is related to a defendant's prior offense, *see United States v. Smart*, 472 F.3d 556, 559 (8th Cir. 2006), but that a court "may not impose a special condition on all those found guilty of a particular offense." *Davis*, 452 F.3d at 995. The court must "conduct an inquiry 'on an individualized basis,' looking at the specific facts of the defendant's criminal history and his particular offenses," and make "a particularized showing of the need for the condition in each case." *United States v. Kelly*, 625 F.3d 516, 520 (8th Cir. 2010) (quoting *Davis*, 452 F.3d at 995). We applied this proposition in *United States v. Bender*, 566 F.3d 748 (8th Cir. 2009), where the district court explained that it imposed a special condition barring the defendant from possessing sexually stimulating material because "sex offenders need to have a very tight rein," and because "a sex offender doesn't have any business looking at *Playboy* magazine." *Id*. at 752. This court held that because the district court considered the defendant as "part of a class" of persons convicted of sex offenses, its findings in support of the special condition were "not sufficiently particularized to the defendant." *Id.*

At some point, there must be a limit to the need for an individualized inquiry, because certain characteristics may justify corresponding conditions for virtually all offenders with such characteristics, but the court's discussion here was insufficient. The court said during the sentencing hearing that there was "no indication" that Springston will "get into any further sex-related offenses," and then made no findings particular to Springston regarding the need for the conditions. Springston's prior offense did not involve a minor, and there was nothing in the record suggesting that Springston was a risk to reoffend against adults. The court simply did not explain why it believed that Springston's twenty-five-year-old conviction justified the conditions. *See United States v. Scott*, 270 F.3d 632, 634, 636 (8th Cir. 2001). It may be that similar special conditions could be justified in a case involving failure to register as a sex offender, such as when there is reason to believe that the failure to register evidences recalcitrance and an ongoing proclivity to commit sexual crimes,

but the district court expressly stated that this is not such a case.  We therefore vacate special conditions 2 and 6.

*       *       *

We affirm the judgment of conviction, vacate special conditions 2, 3, and 6, and remand for further proceedings consistent with this opinion.

_____