# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3579

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Levi Alan Smith, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 13, 2011
Filed: September 16, 2011

_____

Before COLLOTON, CLEVENGER,[1] and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Levi Alan Smith entered a conditional guilty plea to failing to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). The district court sentenced him to 15 months' imprisonment and five years' supervised release, with special conditions. He appeals both the

_____

[1] The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Federal Circuit, sitting by designation.

conviction and sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms in part, and vacates and remands in part.

## I.

In 1998, at age 17, Smith had sex with a 13-year-old girl in Iowa. He was convicted of assault with intent to commit sexual abuse, sentenced to five years' imprisonment, and required to register as a sex offender. In 2007, he was convicted in Iowa for failure to register as a sex offender, receiving a suspended sentence and probation. Later, he moved to Nebraska, and knowingly failed to register as a sex offender there. He was indicted for violating SORNA, which requires sex offenders to register in each jurisdiction where the offender resides, is employed, or is a student. *See* **18 U.S.C. § 2250(a)**; **42 U.S.C. §§ 16901-91**. Smith pled guilty, reserving the right to appeal the denial of his motion to dismiss the indictment.

The presentence investigation report (PSR) recommended a Guideline range of 21 to 27 months based on a Criminal History Category V (Smith also has convictions for burglary, drug possession, and drug distribution in prison). Smith moved for a downward departure, claiming an overstatement of criminal history. The court heard evidence, sustained the motion, and lowered the Criminal History Category to IV, making the guideline range 15 to 21 months. The court sentenced him to 15 months' incarceration.

At sentencing, the Government accepted and adopted the PSR. Smith did not object to it, but did object to 13 of the 14 proposed special conditions of supervised release. Emphasizing that the sexual-abuse-of-a-minor occurred 12 years ago, Smith claimed that the Government did not meet its burden to prove that the special conditions were reasonable. He insisted that the court make findings before imposing any special conditions. Smith rejected the court's offer to be evaluated in order to determine the need for one or more of the conditions.

At sentencing, the district court noted that Smith was a sex offender, stating each recommended condition along with the reasoning behind several of them. The court deleted one condition, added one, and modified several. The court imposed 14 special conditions of supervision. On appeal, Smith challenges:

Special Condition 3: The defendant shall submit his or her person, residence, office or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Special Condition 5: The defendant shall have no contact, nor reside with children under the age of 18, including his/her own children, unless approved in advance by the U.S. Probation Officer in consultation with the treatment providers. The defendant must report all incidental contact with children to the U.S. Probation Officer and the treatment provider. Should the defendant have incidental contact with a child, the defendant is required to immediately remove him/herself from the situation and notify his/her U.S. Probation Officer with 24 hours of this contact.

Special Condition 6: The defendant shall not access or come within 500 feet of schools, school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless approved in advance by the U.S. Probation Officer.

Special Condition 7: The defendant shall not be employed in, or participate in, any volunteer activity that involves contact with children under the age of 18, except under circumstances approved in advance by the U.S. Probation Officer.

Special Condition 9: The defendant shall undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the U.S. Probation Officer. The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to therapeutic polygraph testing. The defendant shall waive his/her right of

-3-

confidentiality in any records for mental health assessment and treatment imposed of this judgment to allow the U.S. Probation Officer to review the defendant's course of treatment and progress with the treatment provider. The defendant shall pay for these services as directed by the probation officer.

Special Condition 10: The defendant shall sign releases of information to allow all professionals involved in the assessment, treatment, and behavioral monitoring of the defendant to communicate and share documentation with each other.

## II.

## A.

As Smith objected in the district court, his conditions of supervised release receive abuse-of-discretion review. *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009).

A district court has broad discretion to impose special conditions of supervised release, so long as each condition complies with the requirements set forth in 18 U.S.C. § 3583(d). Section 3583(d) first requires that a special condition must be reasonably related to the nature and circumstances of the offense of conviction, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. A special condition need not be related to all the factors; the factors are to be weighed independently. Second, a special condition also must involve no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide for the defendant's educational, vocational, medical, and other correctional needs. Finally, a special condition must be consistent with any pertinent policy statements issued by the Sentencing Commission. In fashioning a special condition of supervised

release, a court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.

*United States v. Springston*, \_\_\_ F.3d \_\_\_, No. 10-2820, 2011 WL 3611473, at \*2 (8th Cir. Aug. 18, 2011) (quotation marks and further citations omitted). "[A] court may impose a special condition on the ground that it is related to a defendant's prior offense, but . . . may not impose a special condition on all those found guilty of a particular offense." *Id.* at \*3 (quotation marks and further citations omitted). Its "findings may be based on any information other than materially false information." *United States v. Mayo*, 642 F.3d 628, 631 (8th Cir. 2011) (per curiam). However, a district court may not impose conditions "'on the basis of pure speculation or assumptions.'" *United States v. Fenner*, 600 F.3d 1014, 1027 (8th Cir. 2010), *quoting United States v. Kreitinger*, 576 F.3d 500, 506 (8th Cir. 2009). Finally, this court reviews the terms and conditions of supervised release for abuse of discretion, reversing when the sentencing court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011), *quoting United States v. Asalati,* 615 F.3d 1001, 1006 (8th Cir. 2010) (internal quotation marks omitted).

Smith also challenges the conditions as "overbroad" or a "greater deprivation of liberty than is reasonably necessary." On substantive review, this court considers the totality of the facts, including: the recency of the conduct prompting the conditions, the extent and severity of that conduct, the probation officer's authority to waive the conditions, and how severely the conditions restrict the defendant's liberty. *See*, *e.g.*, *United States v. Stults*, 575 F.3d 834, 853 (8th Cir. 2010); *United States v. Smart*, 472 F.3d at 556, 558-59 (8th Cir. 2006). This court is "particularly reluctant to uphold sweeping restrictions on important constitutional rights," and

applies de novo review to such conditions. ***United States v. Kelly***, 625 F.3d 516, 520 (8th Cir. 2010) (quotation marks and citation omitted).

## B.

Smith first argues that the district court failed to make individualized findings. The Government responds that any failure on the district court's part to make individualized findings was harmless error because the supporting reasons are evident on the overall record. While this court encourages detailed findings, it is enough that the factual record supports the conditions imposed. *See **United States v. E.V.***, 500 F.3d 747, 754 (8th Cir. 2007) ("we may affirm a sentence on any grounds supported by the record") (quotation marks and citation omitted). Reversal is not required by a lack of individualized findings if the basis for the imposed condition can be discerned from the record. ***United States v. Thompson***, ___ F.3d ___, No. 10-3840, 2011 WL 3862587, at *4 (8th Cir. Sept. 2, 2011) , *citing **United States v. Carlson***, 406 F.3d 529, 532 (8th Cir. 2005).

The district court stated that since it "basically has to assume that [Smith] has a sex offender problem," typical sex offender conditions were appropriate. Taken out of context, this borders on imposing blanket conditions "on all those found guilty of a particular offense." ***Springston***, 2011 WL 3611473, at *3 (quotation marks and citation omitted); *cf. **id.*** ("certain characteristics may justify corresponding conditions for virtually all offenders with such characteristics"). However, the district court also discussed each condition, and ruled that some of the recommended conditions were "overprescriptive." It adopted the PSR, which described Smith's prior sex offense against a minor. *See **United States v. Wintermute***, 443 F.3d 993, 1005 (8th Cir. 2006) ("A sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations.") (quotation marks and citation omitted). *Cf. **United States v. Curry***, 627 F.3d 312, 315 (8th Cir. 2010) (vacating

pornography condition; PSR "did not discuss pornography . . . and the district court did not explain why it prohibited [defendant] from possessing pornography"). Smith objects that the sex offense occurred 12 years ago, but he also had a state court failure-to-register conviction four years ago. *Cf. United States v. Scott*, 270 F.3d 632, 636 (8th Cir. 2001) (vacating "special conditions of sex offenders"; past sex offense was 15 years old, and conditions had not been imposed in two prior federal sentencing proceedings). Given Smith's combined history of avoiding sex offender registration and committing a sex offense against a minor, the record supports the district court's imposition of Conditions 3 (suspicionless search), 5 and 7 (contact with minors), and 9 and 10 (treatment). Accordingly, the district court's failure to make individualized findings on the record was harmless error.[2] While the district court could have made better findings, this court can find no abuse of discretion in the district court's imposition of Conditions 3, 5, 7, 9, and 10.

The record does not, however, support Condition 6. Condition 6, a movement restriction, does not just ban loitering near protected places. Its "not . . . come within" language prohibits Smith even from driving by schools, parks, or other places used primarily by children, on main thoroughfares to legitimate activities.

---

[2] Relying on out-of-circuit cases, Smith repeatedly argued at sentencing that the district court, by discussing special conditions with his attorney, required him to bear the burden of showing that the recommended special conditions were not appropriate. On appeal, he reiterates this argument.

Since Smith did not object, the facts alleged in the PSR are accepted as true. *United States v. Oaks*, 606 F.3d 530, 541-42 (8th Cir. 2010); *United States v. Replogle*, 628 F.3d 1026, 1029 (8th Cir. 2011). The government does have the obligation to point to evidence proving the basic facts. *United States v. Sorrells*, 432 F.3d 836, 838-39 (8th Cir. 2005). Here, the only inquiry is whether the record supports the special conditions imposed.

This court requires an "individualized inquiry" and "sufficient findings on the record." *Springston*, 2011 WL 3611473, at *2 (quotation marks and citations omitted). True, this court has twice upheld provisions similar to Condition 6, emphasizing that the probation officer may waive them. *See United States v. Simons*, 614 F.3d 475, 482-83 (8th Cir. 2010) (plain error review); *United States v. Stults*, 575 F.3d 384, 851-53 (8th Cir. 2009). The *Simons* defendant had two recent child sex convictions – one for forcible rape. *Simons*, 614 F.3d at 482. In *Stults*, the defendant recently "possessed child pornography, some depicting the sadistic and violent sexual abuse of pre-teen minors," and also had sexually abused his 11-year-old niece. *Stults*, 575 F.3d at 853. On this record, Smith has not shown such egregious behavior. Without more individualized fact-finding and without any factual support in the record for the sweep of this contact restriction, the district court abused its discretion in imposing Condition 6. This court vacates and remands Condition 6 for further proceedings.

## C.

Smith also claims that special conditions 3, 5, 7, 9, and 10 are not related to a legitimate sentencing purpose and deprive him of greater liberty than necessary.

Condition 3 is similar to a recommended special condition for sex offenses. **U.S.S.G. §5D1.3(d)(7)(C)**. *See also* **18 U.S.C. § 3583(d)** (sex offenders required to register under SORNA may be required to submit to warrantless, reasonable-suspicion searches and seizures "by any probation officer in the lawful discharge of the officer's supervision functions"). Condition 3 contains no reasonable suspicion requirement, but district courts may impose suspicionless search conditions. *See United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007); *United States v. Hanrahan*, 508 F.3d 962, 971 (10th Cir. 2007). In light of Smith's history of evading authorities, the district court acted within its discretion by enabling broadened

monitoring. *Cf. **Samson v. California***, 547 U.S. 843, 854 (2006) ("Imposing a reasonable suspicion requirement . . . would give parolees greater opportunity to anticipate searches and conceal criminality.") (citation omitted).

Conditions 5 and 7 restrict Smith's contact with minors. Contrary to Smith's argument,"no-contact" special conditions may be appropriate for other than child pornography convictions. Because Smith sexually abused a minor, and the probation officer may waive the condition, the district court acted within its discretion. *See **Simons***, 614 F.3d at 481-82 (on plain error review, upholding prohibition on contact with children by a SORNA violator, noting that requiring prior approval from a probation officer was reasonable); *cf. **Springston***, 2011 WL 3611473, at *3 (observing that "special [no-contact] conditions could be justified . . . when there is reason to believe that the failure to register evidences recalcitrance and an ongoing proclivity to commit sexual crimes").

Smith's prior sexual-assault-of-a-minor and failure-to-register convictions form a sufficient basis for contact Conditions 5 and 7. He complains that he could not raise his own child without prior approval. "The relationship between a parent and child is a fundamental liberty interest protected by the due process clause." ***United States v. Davis***, 452 F.3d 991, 995 (8th Cir. 2006) (citations omitted). Reviewing de novo, this court affirms: Smith has no children, so the condition does not infringe any fundamental liberty. *See **United States v. Kerr***, 472 F.3d 517, 523 (8th Cir. 2006).

Conditions 9 and 10 – to undergo a sex-offense-specific evaluation and treatment, and to sign a release of information to professionals – are also recommended special conditions for sex offenses. **U.S.S.G. §5D1.3(d)(7)(A)**. "In order to impose a condition of participation in mental health treatment, the district court must have reason to believe the defendant needs such treatment." ***United***

*States v. Conelly,* 451 F3d. 942, 945 (8th Cir. 2006). Smith's sex offense 12 years ago might not by itself support the condition. *See Scott*, 270 F.3d at 636 (15 years since sexual abuse unrelated to offense of conviction; no evidence of future propensity to commit sex crimes); *United States v. Kent*, 209 F.3d 1073, 1077 (8th Cir. 2000) (13 years since domestic violence incident unrelated to offense of conviction; no evidence of need for treatment). However, Smith's failure-to-register convictions – while not involving sexual activity – show refusal to abide by the restrictions placed on sex offenders. Indeed, the district court cited failure to register as a reason for the condition. In *United States v. Behler*, 187 F.3d 772, 780-81 (8th Cir. 1999), the district court imposed a drug treatment condition, even though the drug-trafficking defendant had abstained from drug use for about 10 years. This court upheld the condition, observing that Behler had formerly abused the drug he later was convicted of trafficking in. *Id.* at 781. *See also Kent*, 209 F.3d at 1077, *discussing Behler*, 187 F.3d at 779. Similarly, failure to register does not itself involve sexual misconduct, but undermines efforts to combat sex-offender recidivism. While a close question, Conditions 9 and 10 relate to legitimate sentencing purposes of rehabilitation and protection of the public, and do not deprive Smith of greater liberty than necessary. The district court did not abuse its discretion in imposing Conditions 3, 5, 7, 9, and 10.[3]

### D.

Smith also contends the special conditions are an improper delegation of authority to the United States Probation Office. A delegation of limited authority to non-judicial officials is proper "so long as the delegating judicial officer retains and exercises ultimate responsibility." *Bender*, 566 F.3d at 752, *discussing Kent*, 209

---

[3] Also demonstrating the proper use of discretion here is the district court's statement that it would reconsider the conditions of release if evaluation showed Smith did not need the restrictions.

F.3d at 1078-79.  Here, as in *Bender*, the district court did not relinquish final authority over the conditions of supervised release.  *Id.*

## III.

Smith appeals the denial of his motion to dismiss the indictment, which this court reviews de novo.  *United States v. Hacker*, 565 F.3d 522, 524 (8th Cir. 2009); *United States v. Betcher*, 534 F.3d 820, 823 (8th Cir. 2008).  Smith recognizes that this court has denied his constitutional challenges to SORNA, and that this court is bound by the previous panel decisions.  *See United States v. Waddle*, 612 F.3d 1027, 1029-30 (8th Cir. 2010) (rejecting ex post facto challenge to SORNA and due process clause challenge); *Hacker*, 565 F.3d at 527-28 (rejecting challenge to interim rule on Administrative Procedure Act grounds for lack of standing and rejecting non-delegation doctrine challenge to SORNA); *United States v. Howell*, 552 F.3d 709, 713 (8th Cir. 2009) (rejecting commerce clause challenge to SORNA).

Smith also challenges SORNA under the Tenth Amendment.  In his view, the law impermissibly commandeers state authorities by requiring them to accept sex offender registrations.  *See Printz v. United States*, 521 U.S. 898, 935 (1997) ("The Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program.").  Formerly, this court denied Tenth Amendment prudential standing to individuals "absent the involvement of a state or its instrumentalities."  *Hacker*, 565 F.3d at 526.  *Accord United States v. Zuniga*, 679 F.3d 845, 851 (8th Cir. 2009).  The Supreme Court recently held that criminal defendants may challenge statutes on Tenth Amendment grounds.  *Bond v. United States*, ___ U.S. ___, 131 S. Ct. 2355, 2366-67 (2011).  "[A] panel may depart from circuit precedent based on an intervening opinion of the Supreme Court that undermines the prior precedent."  *T.L. ex rel. Ingram v. United*

***States***, 443 F.3d 956, 960 (8th Cir. 2006). Smith has standing. Even so, his Tenth Amendment claim fails on the merits.

> While SORNA orders sex offenders traveling interstate to register and keep their registration current, SORNA does not require the States to comply with its directives. Instead, the statute allows jurisdictions to decide whether to implement its provisions or lose ten percent of their federal funding otherwise allocated for criminal justice assistance.

***United States v. Johnson***, 632 F.3d 912, 920 (5th Cir. 2011), *citing **South Dakota v. Dole***, 403 U.S. 203, 210-11 (1987). *See also **Kennedy v. Allera***, 612 F.3d 261, 269 (4th Cir. 2010) (observing that SORNA does not impermissibly commandeer state authorities).

*   *   *   *   *   *   *   *

The judgment of the district court is vacated and remanded as to Condition 6, and is affirmed in all other respects.

_____