**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted February 22, 2012[*]
Decided March 2, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1444

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 03-CR-126-C-01 |
| CHRISTOPHER L. TEMPLE, *Defendant-Appellant.* | Barbara B. Crabb, *Judge*. |

**O R D E R**

Christopher Temple violated the conditions of his supervised release. The district court revoked Temple's supervision and imposed a term of nine months' reimprisonment to

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

be followed by two more years of supervised release. On appeal Temple challenges the revocation, the term of reimprisonment, and a special condition of his supervised release that will require a mental-health evaluation. We affirm the judgment.

Temple operated a sham investment company for 5 years and defrauded 80 victims out of more than $1 million. In 2004 he pleaded guilty to mail fraud, 18 U.S.C. § 1341, and money laundering, *id.* § 1956(a)(1)(A)(i). The district court sentenced him to 72 months' imprisonment and 3 years' supervised release. The terms of Temple's supervision included requirements that he report to a probation officer as directed, submit a monthly financial report, and give notice of his convictions to readers of his financial publications. The court also recommended that Temple undergo a mental-health evaluation while in prison. We affirmed his convictions and sentence. *United States v. Temple*, 150 F. App'x 545 (7th Cir. 2005).

Temple completed his prison sentence in November 2009. In December 2010 his probation officer petitioned to revoke his supervised release after Temple allegedly had omitted pertinent financial information from two of his monthly reports and missed a meeting scheduled to discuss the omitted information. Temple denied the charges and countered with his own motion for early termination of his supervised release. *See* 18 U.S.C. § 3583(e)(1). If he was not constrained by his conditions of supervised release, Temple asserted, he could engage in more-lucrative work and pay restitution more quickly to his victims. The district court denied that motion with the explanation that Temple had "shown no good reason" for early termination and advised that, in any event, the judge would not consider such a motion unless the probation office supported it. Temple's probation officer then submitted a supplemental report accusing him of failing to include the required notice of his convictions in three financial articles he had written.

At the revocation hearing, Temple's probation officer detailed the charges against him. She explained that in two of his monthly reports Temple had listed income from "consulting" but provided no documentation to support those earnings. And when she directed him to attend a meeting to clarify the income, Temple had responded that there was "no way" he could make the meeting with only a few hours' notice. The probation officer also explained that she had discovered three financial articles written by Temple that did not have the required notice of his convictions. Temple, who chose to represent himself at the hearing, maintained that he had complied with each condition of his supervised release. In his view he provided adequate information in the reports because he previously had spoken with his probation officer about the consulting work. And he did not attend the meeting, Temple continued, because he was not given adequate notice. He explained the omitted disclosure of his convictions by speculating that someone must have reprinted his online articles without his knowledge.

The district court concluded that a preponderance of evidence established that Temple had committed each charged violation and revoked his supervised release. Temple's recommended reimprisonment range was three to nine months, *see* U.S.S.G. §§ 7B1.1(a)(3)(B), 7B1.4(a), and the court chose a term at the top of that range to reflect Temple's "abhorrent" behavior and to hold him accountable for his actions. The court also imposed a new term of two years' supervised release and ordered Temple to undergo a mental-health evaluation and comply with any recommended treatment.

On appeal Temple reiterates that he complied with each condition of his supervised release and insists that any deviation from the terms, at worst, was "technical." Temple fails to appreciate, however, that supervised release is "a period of conditional liberty" during which he must adhere to the imposed conditions. *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011) (citation and quotation marks omitted). Supervised release may be revoked if a violation is proven by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Musso*, 643 F.3d 566, 570 (7th Cir. 2011). Temple *admitted* violating two of the conditions, and the monthly reports introduced by the probation officer establish the third violation. Thus, the district court did not abuse its discretion by revoking Temple's supervised release.

Temple also maintains that the term of nine months' reimprisonment is "overkill" in light of his desire to resume productive work and pay more restitution. (Temple has completed the 9-month term, but the claim about the length of reimprisonment is not moot because he now is serving the term of supervised release. *See United States v. Lanas*, 324 F.3d 894, 906 n.1 (7th Cir. 2003).) The district court considered this argument at the revocation hearing but opined that "the last thing [Temple] want[s] to do is to make any money" to repay his victims. Temple's unwillingness to follow the law and refusal to accept responsibility for his actions, the court continued, warranted a term at the top of the recommended range. This explanation reflects adequate consideration of the applicable policy statements and sentencing factors, *see* 18 U.S.C. § 3553(a); U.S.S.G. § 7B1.4(a), and thus the term is not plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005).

Next, Temple contends that the district court abused its discretion by ordering him to undergo a mental-health evaluation and, if indicated, undergo treatment as a special condition of his new term of supervised release. Special conditions must be reasonably related to the underlying offense and the defendant's history and characteristics, *see* 18 U.S.C. § 3583(d)(1), and the court must make an individualized inquiry into the need for the condition, *see United States v. McKissic*, 428 F.3d 719, 722–23 (7th Cir. 2005); *United States v. Springston*, 650 F.3d 1153, 1155–56 (8th Cir. 2011). The district judge had been managing Temple's case since his indictment in 2003 and thus had a number of

opportunities to observe and assess his demeanor over the course of time. On top of his history of fraud, Temple had displayed arrogant indifference to his probation officer's instructions and also tried to explain away his recent misconduct as "technical" mistakes. The judge's concern about a possible mental-health issue is understandable, and we cannot conclude that the decision to order an evaluation was an abuse of discretion. *See United States v. Monteiro*, 270 F.3d 465, 469 (7th Cir. 2001); *United States v. Wilson*, 154 F.3d 658, 667 (7th Cir. 1998); *United States v. Wynn*, 553 F.3d 1114, 1120 (8th Cir. 2009).

Finally, Temple argues that the district court abused its discretion by failing to consider the appropriate factors before denying his motion to terminate his supervised release. Courts have wide discretion when evaluating motions for early termination, and we have clarified that a court "must give some indication that it has considered the statutory factors" under 18 U.S.C. § 3553(a). *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011); *see United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). But when Temple filed his motion, his probation officer already had petitioned to revoke his supervised release, and the district court had scheduled a revocation hearing. No further explanation was required.

We have reviewed Temple's other contentions, but none has merit.

AFFIRMED.