# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2820

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Bobby Lynn Springston, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: May 23, 2012
Filed: July 12, 2012

———————

Before MURPHY, BEAM, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

This case is on remand from the Supreme Court. In our opinion filed August 18, 2011, *United States v. Springston*, 650 F.3d 1153 (8th Cir. 2011), we affirmed Bobby Springston's conviction under 18 U.S.C. § 2250 for failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), in February 2009. We also vacated three special conditions of supervised release and remanded the case to the district court for resentencing. *Springston*, 650 F.3d at 1155-57. On November 1, 2011, before the time had expired for Springston to file a petition for writ of certiorari, the district court filed an

amended judgment removing the special conditions of supervised release that were vacated on appeal.

Springston then petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of *Reynolds v. United States*, 132 S. Ct. 975 (2012). *Reynolds* held that the SORNA's registration requirements "do not apply to pre-Act offenders until the Attorney General so specifies." *Id.* at 984. *Reynolds* abrogated *United States v. May*, 535 F.3d 912 (8th Cir. 2008), which held that the Act's registration requirements apply from the date of its enactment and prior to any regulations issued by the Attorney General, at least with regards to pre-Act offenders who had already registered under state law.

Springston was convicted of a sexual assault in 1986, before the SORNA went into effect. Therefore, he was what *Reynolds* termed a "pre-Act offender," and the registration requirements applied to him only insofar as the Attorney General so specified by regulation. One of Springston's challenges to the indictment involves the validity of the Attorney General's regulations. In February 2007, pursuant to 42 U.S.C. §§ 16912(b) and 16913, the Attorney General promulgated an Interim Rule specifying that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 72 Fed. Reg. 8897 (codified at 28 C.F.R. § 72.3). The Attorney General subsequently promulgated further rules, regulations, and specifications. *See* 73 Fed. Reg. 38030 (2008); 75 Fed. Reg. 81849 (2010); 76 Fed. Reg. 1630 (2011).

Our prior opinion in this case relied on *May* and *United States v. Zuniga*, 579 F.3d 845 (8th Cir. 2009) (per curiam), to hold that Springston lacked standing to challenge the validity of the regulations. *Springston*, 650 F.3d at 1155. *Reynolds* establishes, however, that Springston has standing to raise his claim that the Act's

delegation of authority to the Attorney General to issue regulations violates the non-delegation doctrine. *See United States v. Fernandez*, 671 F.3d 697, 698 (8th Cir. 2012) (per curiam).

We therefore vacate the judgment of the district court and remand the case for the district court to consider Springston's non-delegation claim on the merits. *See Fernandez*, 671 F.3d at 698. We reject Springston's other challenges to the indictment for the reasons stated in our prior opinion. *Springston*, 650 F.3d at 1155.

_____