# United States Court of Appeals
## For the Eighth Circuit

_____

No. 10-3579

_____

United States of America

*Plaintiff - Appellee*

v.

Levi Alan Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: July 11, 2012
Filed: December 21, 2012
[Unpublished]

_____

Before COLLOTON, CLEVENGER,[1] and BENTON, Circuit Judges.

_____

PER CURIAM.

This case is on remand from the Supreme Court. On September 16, 2011, this court affirmed Levi Alan Smith's conviction under 18 U.S.C. § 2250 for failing to

_____

[1] The Honorable Raymond C. Clevenger, III, United States Circuit Judge for the Federal Circuit, sitting by designation.

register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"). *United States v. Levi Smith,* 655 F.3d 839 (8th Cir. 2011), *vacated*, 132 S. Ct. 2712 (2012). This court also vacated one special condition of supervised release and remanded for resentencing. *Id.* at 846.

On February 8, 2012, Smith petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated this court's judgment, and remanded the case for further consideration in light of *Reynolds v. United States,* 132 S. Ct. 975 (2012). *Reynolds* held that the SORNA's registration requirements "do not apply to pre-Act offenders until the Attorney General so specifies." *Id.* at 984. *Reynolds* abrogated *United States v. May,* 535 F.3d 912 (8th Cir. 2008), which held that the Act's registration requirements apply from the date of its enactment and prior to any regulations issued by the Attorney General, at least with respect to pre-Act offenders who had already registered under state law. *United States v. Curry*, 477 F. App'x 414, 415 (8th Cir. 2012) (per curiam).

Smith was convicted of a sexual assault in 1998, before SORNA went into effect. He was what Reynolds termed a "pre-Act offender," and the registration requirements applied to him only as the Attorney General specified by regulation. One of Smith's challenges to his conviction involves the validity of the Attorney General's regulations. In February 2007, under 42 U.S.C. §§ 16912(b) and 16913, the Attorney General promulgated an Interim Rule specifying that "[t]he requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 72 Fed. Reg. 8897 (codified at 28 C.F.R. § 72.3). The Attorney General subsequently promulgated further rules, regulations, and specifications. *See* 73 Fed. Reg. 38030 (2008); 75 Fed. Reg. 81849 (2010); 76 Fed. Reg. 1630 (2011).

This court's previous opinion in this case rejected Smith's argument that SORNA violates the non-delegation doctrine, finding that Smith had standing only to challenge the statute on other grounds. *Smith,* 655 F.3d at 848, *citing Bond v. United States*, 131 S. Ct. 2355, 2366-67 (2011). Under *Reynolds*, Smith is entitled to have his non-delegation challenge addressed on the merits. *See, e.g., United States v. Fernandez,* 671 F.3d 697, 698 (8th Cir. 2012) (per curiam). *Reynolds* does not affect Smith's Commerce Clause, Due Process, and Tenth Amendment claims. *See Id.* at 698-99. As to those claims, our previous opinion is reinstated. We also reinstate our previous opinion affirming special conditions 3, 5, 7, 9, and 10, but vacating special condition 6, for the reasons stated in that opinion. *Smith,* 655 F.3d at 843-48.

\* \* \* \* \* \* \*

As in recent cases, *see, e.g.*, *United States v. Springston*, 480 F. App'x 860 (8th Cir. 2012), the judgment of the district court is vacated and the case is remanded for other proceedings not inconsistent with this opinion.

_____