# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2068

_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Leon Pargo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: October 29, 2013
Filed: November 6, 2013
[Unpublished]

_____

Before LOKEN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Terrance Pargo pleaded guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250.  The district court[1] imposed a sentence of

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

21 months in prison and 5 years of supervised release. On appeal, counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in imposing, as a special condition of supervised release, the requirement that Pargo undergo sex-offender treatment. The brief also states that Pargo believes he was incorrectly classified as a Tier II sex offender for purposes of calculating his advisory Guidelines sentence.

We conclude that the district court did not abuse its discretion in imposing the supervised-release condition. See 18 U.S.C. § 3583(d)(1)-(3); United States v. Schaefer, 675 F.3d 1122, 1124-25 (8th Cir. 2012) (standard of review). Specifically, Pargo's sex offense, although 14 years earlier, was against a minor, and his subsequent repeated convictions for failure to register, and his absconding, reflected impulsive behavior, poor decisionmaking, and a reluctance to comply with registration requirements. See United States v. Walters, 643 F.3d 1077, 1079 (8th Cir. 2011) (requirements for district court to impose special condition of supervised release); United States v. Smith, 655 F.3d 839, 845-46 (8th Cir. 2011) (requiring sex-offender treatment as supervised-release condition for new failure-to-register offense was supported by record, which reflected history of avoiding sex-offender registration and committing sex offense against minor), rev'd on other grounds, 132 S. Ct. 2712 (2012) (Mem.); United States v. Smart, 472 F.3d 556, 559 (8th Cir. 2006) (upholding supervised-release condition requiring defendant to undergo sex-offender treatment following conviction for being felon in possession of firearm, where defendant had earlier state convictions for sex offenses). We also conclude that Pargo's classification as a Tier II sex offender was not plain error. See 42 U.S.C. § 16911(3) (defining Tier II sex offender); Minn. Stat. § 609.345(1)(b) (1998) (defining criminal sexual conduct in the fourth degree); United States v. Molnar, 590 F.3d 912, 914 (8th Cir. 2010) (standard of review).

Finally, having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we grant counsel's motion to withdraw, and we affirm.