**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4325**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

BRYAN YARNELL HUNTLEY,

    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Terry L. Wooten, Chief District
Judge.  (0:13-cr-00555-TLW-1)

Submitted:  October 31, 2014  Decided:  December 2, 2014

Before KING, GREGORY, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia,
South Carolina, for Appellant.  William N. Nettles, United
States Attorney, Jamie Lea Nabors Schoen, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryan Yarnell Huntley pled guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2012). In addition to a term of imprisonment, the district court sentenced Huntley to fifteen years of supervised release. The court also ordered that Huntley comply with certain special conditions of supervised release, notably including vocational training, substance abuse treatment, and mental health treatment, to include sex offender evaluation and polygraph as deemed necessary by the mental health evaluator. Huntley appeals, challenging only his supervised release term and conditions. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first review for "significant procedural error," such as improperly calculating the Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) (2012) factors, and providing insufficient explanation for the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If we find no such procedural error, we consider the substantive reasonableness of the sentence under the totality of the circumstances. Id. at 578. The sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

We generally review conditions of supervised release for abuse of discretion. United States v. Worley, 685 F.3d 404, 407 (4th Cir. 2012). However, conditions not challenged by the defendant in the district court are reviewed for plain error. United States v. Wesley, 81 F.3d 482, 484 (4th Cir. 1996). To establish plain error, Huntley must demonstrate that the district court erred, the error was plain, and the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). If these requirements are met, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1126-27 (internal quotation marks and alterations omitted).

"District courts have broad latitude with regard to special conditions of supervised release . . . ." United States v. Holman, 532 F.3d 284, 288 (4th Cir. 2008) (internal quotation marks omitted). The court may impose any special condition that is "reasonably related" to the factors set forth in 18 U.S.C. § 3583(d)(1) (2012), including "the nature and circumstances of the offenses and the history and characteristics of the defendant; providing adequate deterrence; protecting the public from further crimes; and providing the defendant with training, medical care, or treatment." United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003) (internal

3

quotation marks and citations omitted). The condition also must "'involve[] no greater deprivation of liberty than is reasonably necessary' to achieve the goals enumerated in § 3553(a)." United States v. Armel, 585 F.3d 182, 186 (4th Cir. 2009) (quoting 18 U.S.C. § 3583(d)(2) (2012)). It also must be consistent with the Sentencing Commission policy statements related to supervised release. Dotson, 324 F.3d at 260-61.

The sentencing court must explain its reasons for the conditions it imposes, supported by factual findings that justify those conditions. Armel, 585 F.3d at 186. The court's explanation must at least be adequate "to allow for meaningful appellate review and to promote the perception of fair sentencing." See Gall, 552 U.S. at 50. Nevertheless, those reasons need not establish "an offense-specific nexus," as long as the court's rationale is adequate to support the condition imposed in light of the applicable § 3553(a) factors. Worley, 685 F.3d at 407 (4th Cir. 2012) (internal quotation marks omitted).

On appeal, Huntley first asserts that the district court failed to provide adequate reasons to enable appellate review or to justify the special conditions of supervised release it imposed. He focuses particularly on the conditions of substance abuse treatment and mental health treatment with

4

sex offender evaluation.[1]  The Guidelines recommend a substance abuse treatment condition where "the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol."  U.S. Sentencing Guidelines Manual ("USSG") § 5D1.3(d)(4) (2013) (p.s.).  It recommends a mental health treatment condition where "the court has reason to believe that the defendant is in need of psychological or psychiatric treatment."  USSG § 5D1.3(d)(5) (p.s.).

Our review of the record reveals no plain error in the special conditions of supervised release.  First, although little of the court's explanation was applicable only to the supervised release conditions, we find the court's explanation of the sentence as a whole was adequate to support appellate review of all special conditions of supervised release.  We also conclude that these conditions are reasonably related to the applicable sentencing factors and involve no greater deprivation of liberty than reasonably necessary.

Huntley analogizes his case to United States v. Springston, 650 F.3d 1153 (8th Cir. 2011), vacated on other

---

[1] For the first time in reply, Huntley argues that the court improperly delegated to the probation office the final decision about whether sex offender treatment was appropriate, thereby violating the separation of powers principle.  (Reply at 5-6). This argument is not properly before us.  See United States v. Brooks, 524 F.3d 549, 556 & n.11 (4th Cir. 2008) (deeming claim raised for first time in reply brief abandoned).

grounds, 132 S. Ct. 1905 (2012) (non delegation challenge to offense), reissued in relevant part, 534 F. App'x 576 (8th Cir. 2013) (No. 13-1624), in which the court vacated a supervised release condition requiring the defendant to submit to mental health counseling, after concluding that the condition was not sufficiently related to the specific facts of the defendant's criminal history or particular offense.  650 F.3d at 1156-57. The court recognized that a sentencing court is authorized to impose a special condition related to a defendant's prior offense, but "may not impose a special condition on all those found guilty of a particular offense," as it must "make a particularized showing of the need for the condition in each case."  Id. at 1156 (internal quotation marks omitted).  Thus, while special conditions requiring mental health testing and treatment—including sex offender treatment as necessary—could be warranted in certain failure-to-register cases, "such as when there is reason to believe that the failure to register evidences recalcitrance and an ongoing proclivity to commit sexual crimes," no such conditions warranted such conditions in Springston's case.  Id. at 1157.

Contrary to Huntley's assertions, such additional factors were present in his case.  The sentencing court specifically referred to Huntley's numerous prior convictions and violations of his release terms, his multiple failures to

6

comply with sex offender registration, and his noncompliance with sex offender treatment mandated by the state court. Additionally, Huntley had a history of substance abuse and multiple convictions of offenses related to the distribution and possession of controlled substances. Based on these facts, we find the substance abuse and mental health conditions adequately supported by both the court's analysis and the record. See, e.g., United States v. Morales-Cruz, 712 F.3d 71, 72-75 (1st Cir. 2013); United States v. Moran, 573 F.3d 1132, 1139 (11th Cir. 2009); United States v. Kreitinger, 576 F.3d 500, 505-06 (8th Cir. 2009).

Huntley also asserts that the supervised release term imposed by the court was procedurally unreasonable because the court did not calculate the Guidelines range, and thus did not have an appropriate starting point from which to calculate its variance sentence. In sentencing a defendant, the court is first required to calculate the applicable Guidelines range, as this range is to be used as "the starting point and the initial benchmark" in selecting a sentence. United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (internal quotation marks omitted). The parties agree that the appropriate term of supervised release is five years. See United States v. Segura, 747 F.3d 323, 329-31 (5th Cir. 2014); United States v. Goodwin, 717 F.3d 511 (7th Cir.), cert. denied, 134 S. Ct. 334 (2013).

7

Because we are satisfied, despite any ambiguity in the court's explanation and written statement of reasons, that the court adopted a Guidelines range of five years, we discern no error based on the court's failure to calculate this range before determining the extent of its variance.

Huntley further asserts that the district court considered an improper factor under 18 U.S.C. § 3553(a)(2)(A), and reasons not particular to Huntley, when imposing the sentence, and thus failed to provide an explanation adequate to justify the extent of the upward variance he received. In considering the § 3553(a) factors, the sentencing court is required to "make an individualized assessment based on the facts presented." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (internal quotation marks omitted). "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." United States v. Montes-Pineda, 445 F.3d 375, 378 (4th Cir. 2006) (internal quotation marks omitted). Additionally, "a talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced" is inadequate to support a sentence because it "does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review." United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009).

"The court, in determining whether to include a term of supervised release, and . . . the length of the term . . . , shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c) (2012). Not among these enumerated factors is § 3553(a)(2)(A), which includes "the need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." However, as we recently concluded in the context of supervised release revocation sentences imposed under 18 U.S.C. § 3583, "mere reference to [the § 3553(a)(2)(A)] considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors," as long as the sentence is not based "predominately on the § 3553(a)(2)(A) factors." United States v. Webb, 738 F.3d 638, 642 (4th Cir. 2013).[2]

---

[2] Although Huntley claims that Webb is not persuasive authority because it conflicts with United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), we find any conflicting language in Crudup to be dictum and thus not binding on subsequent panels of this court. See Webb, 738 F.3d at 641 ("[I]n Crudup, we stated, without analysis or explanation, that a district court is not permitted to impose a revocation sentence based upon these omitted conditions.").

Here, although the court relied in part on the § 3553(a)(2)(A) factors in justifying Huntley's sentence, it did not primarily rely on these factors, but instead explicitly considered Huntley's history and characteristics, the need for deterrence and protection of the public, and the need for treatment, when selecting the length of his supervised release term. Thus, we discern no procedural error in Huntley's sentence.

Turning to substantive reasonableness, we conclude that the court's explanation adequately supported the extent of its variance. The court specifically cited Huntley's lengthy and serious criminal history, his repeated violations of supervision, his failure to comply with court-mandated sex offender treatment, his repeated noncompliance with sex offender registration requirements, his age, and the circumstances of his underlying sex offense. The court described at length Huntley's criminal history and the seriousness of that conduct. We conclude this explanation was more than sufficient to justify the court's decision to impose a fifteen-year term of supervised release, and was sufficiently grounded in Huntley's personal circumstances to support the court's sentence.

Because we discern no abuse of discretion, plain or otherwise, in Huntley's supervised release term and conditions, we affirm the district court's judgment. We dispense with oral

10

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED