# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3242

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Phasung Lu Baccam, | * | |
| | * | |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: April 14, 2009
Filed: April 28, 2009

_____

Before MURPHY, HANSEN, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

Phasung Lu Baccam was convicted under 18 U.S.C. § 2250 for failing to register as a sex offender after he moved to Arkansas from California where he had been convicted of a sex offense under state law. The district court[1] denied his motion to dismiss the indictment on the ground that he had not received notice of the federal sex offender registration law. Baccam appeals, and we affirm.

---

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

In 1996 Baccam was convicted in California of sexual contact with a minor female. Under California law this conviction required him to maintain registration as a sex offender throughout his lifetime. Cal. Penal Code § 290(b) (Deering 2009). Two "Notice of Sex Offender Registration Requirement" forms that Baccam signed on February 8, 1999 and November 10, 2003 not only detailed his registration requirements within California, but also notified him that if he moved to another state he would need to register in that state within ten days and notify the law enforcement agency with which he was last registered of his change of residence. After Baccam was arrested in California for failure to update his registration he signed another form on September 19, 2005. That form required him to initial his acknowledgment that he was required to register as a sex offender in any state to which he might relocate.

In the summer of 2007 Baccam moved to Arkansas but did not register as a sex offender. When he was arrested in September 2007 for traffic violations, officials discovered that he had not registered as a sex offender in their state as required by California, Arkansas, and federal law. He was later indicted under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250, for his failure to register.

SORNA is part of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 590 (2006). When enacting the law, Congress declared that "in order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators," it was establishing a "comprehensive national system for registration of those offenders." 42 U.S.C. § 16901 (2008).[2] To improve coordination and information sharing between

_____

[2]During the Senate consideration of the Act, Senator Orrin Hatch pointed out that "[l]aws regarding registration for sex offenders have not been consistent from State to State," and that there may have been as many as "150,000 sex offenders who are not complying." 152 Cong. Rec. S8012-02, *S8013 (2006) (statement of Sen. Hatch).

jurisdictions, SORNA encourages each state to maintain a sex offender registry conforming to national standards and ties the receipt of certain federal funds to compliance with those standards. Id. §§ 16912, 16925(a).

SORNA requires a sex offender to register in each jurisdiction where he or she resides, works, or is a student. Id. § 16913(a). Within three business days of any change of name, residence, employment, or student status, the offender must appear in person in either the old or new state to update his or her registration. Id. § 16913(c). That state must then transmit the information to other places where the offender is required to register. Id. SORNA also created a federal criminal offense for a sex offender who travels in interstate commerce and knowingly fails to register or update a registration as required by federal law. 18 U.S.C. § 2250(a). The statute applies to sex offenders convicted under federal law even when they do not travel in interstate commerce. Violation of § 2250(a) carries a prison sentence of up to ten years.

Baccam moved to dismiss the indictment charging him under § 2250(a). After the district court denied the motion, Baccam entered a conditional guilty plea and was sentenced to twenty four months. We review de novo the denial of a motion to dismiss an indictment. See United States v. Cvijanovich, 556 F.3d 857, 862 (8th Cir. 2009).

Baccam contends that he could not, as a matter of law, knowingly fail to register under SORNA because he was never told of his specific registration obligations under that law. A provision in SORNA entitled "Duty to notify sex offenders of registration requirements and to register" states that "[a]n appropriate official shall . . . inform the sex offender of the duties of a sex offender under this title and explain those duties." 42 U.S.C. § 16917(a). Baccam contends that because there is no evidence that he was ever informed about his duties under SORNA, which had been enacted in 2006 after he had signed the California forms informing him of his

-3-

duty to register if he moved to a different state, the government cannot prove an element of the offense and the indictment should have been dismissed.

The government argues that the scienter requirement in § 2250(a) does not require that Baccam specifically knew he was violating SORNA, but only that he knew he was violating a legal registration requirement upon relocating. It urges that Baccam knew he was required to register in a new state because of the information provided him on the California forms he had signed in 1999, 2003, and 2005.

We have previously had occasion to rule on challenges to the application of SORNA. In United States v. May, 535 F.3d 912 (8th Cir. 2008), we addressed a number of challenges to SORNA and specifically to § 2250(a). We held that § 2250(a) was authorized by the Commerce Clause, that SORNA applies to sex offenders convicted prior to the statute's passage, and that such application does not violate the Ex Post Facto Clause. Id. at 918–22. We also rejected May's argument that his prosecution under SORNA violated due process because he had not received notice of the statute's registration requirements. Id. at 921. Then, in United States v. Howell, 552 F.3d 709, 717 (8th Cir. 2009), we concluded that the § 16913 registration requirement itself was also a constitutional exercise of Congress's commerce power.

The defendant in May raised a due process argument similar to Baccam's claim that he had no notice of SORNA's requirements, and we observed there that May "admitted he knew, based on previously enacted state laws, he had an obligation to register and keep his registration current when moving between jurisdictions." 535 F.3d at 921. Thus, there was no constitutional infirmity in his conviction. Other courts of appeals have also rejected lack of notice due process challenges to SORNA when the defendant had received notice of state law registration requirements. See, e.g., United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008); United States v. Hinckley, 550 F.3d 926, 938–39 (10th Cir. 2008); United States v. Samuels, No. 08-5537, 2009 WL 877698, at *3 (6th Cir. Apr. 2, 2009).

Baccam states that his appeal is not controlled by May because that case addressed only the notice required by due process. He contends that Congress provided for greater notice than the Constitution requires. In essence he argues that because SORNA requires officials to inform sex offenders about the statute's requirements, "the general rule that ignorance of the law . . . is no defense to criminal prosecution" does not apply. See Cheek v. United States, 498 U.S. 192, 199 (1991). He cites no authority for the argument that a lack of § 16917 notice is a defense to prosecution under § 2250(a). Numerous district courts have rejected this defense. E.g., United States v. Trent, 568 F. Supp. 2d 857, 866–67 (S.D. Ohio 2008); United States v. LeTourneau, 534 F. Supp. 2d 718, 722–23 (S.D. Tex. 2008); United States v. Gould, 526 F. Supp. 2d 538, 544–45 (D. Md. 2007); United States v. Adkins, 2007 U.S. Dist. LEXIS 90737, *14–15 (N.D. Ind. Dec. 7, 2007); United States v. Lovejoy, 516 F. Supp. 2d 1032, 1037–38 (D.N.D. 2007).

We conclude that it would be inconsistent with SORNA's purpose of protecting the public by strengthening the system of sex offender registration not to give effect to state law notifications that relocation requires registration in the new jurisdiction. There is no reason to believe that the SORNA notice provision in § 16917 was intended to dilute the effect of state notice requirements, given the stated congressional intent to protect the public by establishing a comprehensive national system for registration of sex offenders. 42 U.S.C. § 16901.

We conclude that Baccam had adequate notice of his registration obligations based on the information provided him in the California registration forms, even if that notice did not explain that failure to register would be a violation of federal law as well as state law. Baccam does not deny that he knew that he needed to register in

Arkansas. Had he done so, he would have received notification of SORNA's requirements, and would have been in compliance with federal law.[3]

Accordingly, we affirm the judgment of the district court.

_____

_____

[3]SORNA requires a sex offender to register within three days of moving to a new state, while Baccam was informed in California that he needed to register within ten days. This difference is immaterial given the fact that Baccam did not register for several months after moving to Arkansas.