# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3181

_____

United States of America,

      Appellee,

v.

Charles E. James,

      Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: May 15, 2009
Filed: July 9, 2009

_____

Before WOLLMAN, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Charles E. James appeals from the judgment and sentence entered following his conditional plea to one count of failure to register and update his registration as a sex offender pursuant to the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991.

Prior to entry of his guilty plea, James challenged the constitutionality of SORNA's registration requirement under 42 U.S.C. § 16913 and the accompanying criminal penalties for failure to comply with the requirement under 18 U.S.C. § 2250, arguing that Congress exceeded its authority under the commerce clause in enacting

these provisions. After a hearing, the district court[1] denied James's motion to dismiss and concluded SORNA was constitutional.

James's constitutional challenges are foreclosed by our recent holdings in United States v. May, 535 F.3d 912 (8th Cir. 2008), and United States v. Howell, 552 F.3d 709 (8th Cir. 2009). See also United States v. Hacker, 565 F.3d 522 (8th Cir. 2009); United States v. Baccam, 562 F.3d 1197 (8th Cir. 2009). In May, we held that § 2250 was an appropriate use of Congress's power to regulate "the use of the channels of interstate commerce" and "the instrumentalities of interstate commerce, or persons, or things in interstate commerce, even though the threat may come only from intrastate activities." 535 F.3d at 922 (quoting United States v. Lopez, 514 U.S. 549, 558-59 (1995)). Likewise, in Howell, we noted that SORNA aimed to regulate the interstate travel of sex offenders and that the registration requirement of § 16913 was "a necessary part of a more general regulation of interstate commerce." 552 F.3d at 717. We therefore held that "an analysis of § 16913 under the broad authority granted to Congress through both the commerce clause and the enabling necessary and proper clause reveals the statute is constitutionally authorized." Id. at 715.

The judgment is affirmed. See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.