# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1453

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Western District of Missouri.
Charles Max Foster,          *
                             *    [UNPUBLISHED]
            Appellant.       *

_____

Submitted: November 16, 2009
Filed: November 25, 2009

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In February 2008, Charles Max Foster was indicted and charged with knowingly failing to register as a sex offender after having traveled in interstate commerce under the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901-16991, in violation of 18 U.S.C. § 2250(a). Foster moved to dismiss the indictment on various grounds. The magistrate judge[1] issued a report and

_____

[1]The Honorable James C. England, Chief United States Magistrate Judge for the Western District of Missouri.

recommendation proposing that Foster's motion be denied, which the district court[2] adopted. Foster entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss the indictment.

On appeal, Foster raises seven arguments challenging the denial of his motion to dismiss. First, Foster argues that SORNA's registration requirements do not apply to him because Missouri had not incorporated all of SORNA's requirements at the time he pled guilty, so enforcing SORNA against him would violate the Ex Post Facto Clause and the Due Process Clause. Second, Foster asserts that SORNA violates the Ex Post Facto Clause by increasing his punishment for an offense of which he had previously been convicted. Third, Foster argues that his prosecution under SORNA violates the Due Process Clause because, although he had notice of his duty to register under Missouri law, the Government did not affirmatively notify him of any duty to register under SORNA. Fourth, Foster claims that SORNA violates the nondelegation doctrine[3] by allowing the Attorney General to determine the retroactive applicability of the statute to him. Fifth, because the Attorney General's regulation making SORNA retroactively applicable to some sex offenders was made without a period for notice and comment, Foster asserts that the regulation violates the Administrative Procedure Act, 5 U.S.C. § 501 *et seq*. Sixth, Foster argues that SORNA and the criminal statute enforcing it, 18 U.S.C. § 2250, violate the Commerce Clause because there is no constitutionally sufficient nexus between SORNA's registration requirements and interstate commerce. Finally, Foster claims that SORNA violates the Tenth Amendment by "commandeering state officials" to administer federal law.

---

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

[3]The nondelegation doctrine provides that Congress is only permitted to transfer its policymaking power to an executive agency if Congress provides an "intelligible principle" to direct the agency in making policy. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 472 (2001).

Foster concedes that this court's decisions in *United States v. May*, 535 F.3d 912 (8th Cir. 2008), *cert. denied*, 556 U.S. ---, 129 S. Ct. 2431 (2009), and *United States v. Howell*, 552 F.3d 709 (8th Cir.), *cert. denied*, 557 U.S. ---, 129 S. Ct. 2812 (2009), "predominately foreclose[]" his arguments on appeal. Appellant's Br. at 9. In fact, the text of SORNA and this court's decisions in *May*, *Howell*, and *United States v. Hacker*, 565 F.3d 522 (8th Cir. 2009), *cert. denied*, 558 U.S. ---, No. 09-5656 (Oct. 5, 2009), foreclose all of Foster's arguments.

Foster's first argument fails because SORNA applies to all sex offenders, regardless of whether the jurisdiction in which the sex offender resides has incorporated SORNA's requirements. SORNA requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). Foster does not dispute that he qualifies as a sex offender under SORNA. Foster argues that § 16913(d) suggests that because Missouri has not incorporated SORNA's requirements, SORNA does not apply to him until the United States Attorney General issues a regulation making SORNA applicable to him. However, we concluded in *May* that § 16913(d) does not apply to offenders, such as Foster, who were required by state law to register before SORNA was enacted. *See May*, 535 F.3d at 921. Foster further argues that the Attorney General's proposed guidelines for interpreting and implementing SORNA suggest that his duty to register does not take effect until a jurisdiction incorporates all of SORNA's requirements. However, the proposed guidelines clearly provide that "SORNA applies to all sex offenders, including those convicted of their registration offenses . . . prior to particular jurisdictions' incorporation of the SORNA requirements." 72 Fed. Reg. 30210-01, 30228 (May 30, 2007). Because SORNA is applicable to Foster whether or not Missouri has fully incorporated SORNA's requirements, we reject his first argument.

*May* and *Howell* foreclose Foster's second, third and sixth arguments. *May* expressly rejected Foster's second argument, that SORNA violates the Ex Post Facto

-3-

Clause. *May*, 535 F.3d at 919-20.[4] *May* also rejected Foster's third argument, that the Government's failure to specifically notify Foster of the duty to register violates his due process rights. *Id.* at 921. Contrary to Foster's sixth argument, *May* and *Howell* both held that SORNA has a sufficient nexus to interstate commerce to satisfy the Commerce Clause. *Id.* at 921-22; *Howell*, 552 F.3d at 713.

Finally, Foster lacks standing to raise his fourth, fifth and seventh arguments. We concluded in *May* that the Attorney General's regulation making SORNA retroactively applicable to some sex offenders did not apply to sex offenders, such as Foster, who were required to register before SORNA was enacted. *See May*, 535 F.3d at 921. Therefore, Foster lacks standing to raise his fourth argument, challenging the regulation. *See id.* Likewise, Foster lacks standing to raise his fifth argument, challenging the same regulation under the Administrative Procedure Act. *See Hacker*, 565 F.3d at 528. Furthermore, *Hacker* held that private parties acting in an individual capacity, such as Foster, do not have standing to assert that the federal government is encroaching on state sovereignty, thereby foreclosing Foster's seventh argument. *Id.* at 527.

For the foregoing reasons we affirm the judgment of the district court.

_____

---

[4]Foster also argues that the indictment fails to allege that he traveled in interstate commerce after SORNA became applicable to him and that punishment for any travel before that date would violate the Ex Post Facto Clause. However, SORNA became applicable to Foster on July 27, 2006, the date it was enacted, *see May*, 535 F.3d at 921, and the indictment charges Foster with traveling in interstate commerce between November 11, 2007, and February 27, 2008.