# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2131

_____

United States of America,       \*
                     \*

        Appellee,        \*

                     \*  Appeal from the United States

     v.                \*  District Court for the

                     \*  Western District of Arkansas.

William Earl Mefford,      \*

                     \*    [UNPUBLISHED]

        Appellant.      \*

_____

Submitted: March 14, 2011
Filed: June 6, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      William Earl Mefford was convicted in 1994 of sexual abuse of a minor, a conviction which imposed on him the obligation to register as a sex offender under Oklahoma state law. On November 4, 2009, he was indicted and charged with failing to register as a sex offender after having traveled in interstate commerce under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901-16991, in violation of 18 U.S.C. § 2250. Mefford moved to dismiss the indictment

on multiple grounds, and the district court[1] denied the motion. He then entered a conditional guilty plea, reserving the right to appeal the denial of his motion to dismiss the indictment.

On appeal, Mefford asserts three constitutional arguments, which we review *de novo*. *See United States v. Howell*, 552 F.3d 709, 712 (8th Cir. 2009). First, Mefford contends that SORNA violates the Commerce Clause of the United States Constitution because it fails to establish a constitutionally sufficient nexus between sex offender registration and interstate commerce. We have rejected this argument in prior cases, and we must adhere to that holding. *See id.* at 713.

Second, Mefford argues that his Fifth Amendment right to due process was violated because, as a matter of law, he could not knowingly fail to register under SORNA without receiving fair notice that it applied to him. Notice of comparable and applicable state laws, he argues, is insufficient. We also have rejected this argument previously. *See United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008); *see also United States v. Baccam*, 562 F.3d 1197, 1200 (8th Cir. 2009) ("[I]t would be inconsistent with SORNA's purpose of protecting the public by strengthening the system of sex offender registration not to give effect to state law notifications that relocation requires registration in the new jurisdiction.").

Finally, Mefford asserts that SORNA violates the nondelegation doctrine because it authorizes the Attorney General of the United States to determine the applicability of its initial registration requirements to persons convicted of a predicate sexual offense prior to SORNA's enactment. However, we have held that sex offenders who were required to register before SORNA's passage, such as Mefford, are unaffected by the Attorney General's expanded authority. *See, e.g.*, *United States*

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

*v. Zuniga*, 579 F.3d 845, 850-51 (8th Cir. 2009), *cert. denied*, 560 U.S. ---, 130 S. Ct. 3384 (2010).  Therefore, Mefford lacks standing to challenge the provision.  *See id* at 851.

For the foregoing reasons, we affirm Mefford's conviction.

_____