# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1734

_____

United States of America,         *
                                     *

        Appellee,        *

                                     *    Appeal from the United States
     v.                        *    District Court for the
                                     *    Western District of Arkansas.

Adam Ray Fernandez,       *

                                     *    [PUBLISHED]

        Appellant.      *

_____

Submitted: December 12, 2011
Filed: February 28, 2012

_____

Before WOLLMAN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Adam Ray Fernandez pleaded guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250. The district court sentenced him to 18 months' imprisonment and five years' supervised release. Fernandez appeals the district court's denial of his motion to dismiss the indictment. We affirm in part and reverse in part.

On April 26, 2010, a detective in the Fort Smith Police Department learned that Fernandez was living in Arkansas and had been convicted previously in Oklahoma state court of crimes that required him to register as a sex offender. Fernandez was

convicted of forcible sodomy in 1993 and second-degree rape in 1996. Before his release from state prison in 2009, Fernandez signed a notice acknowledging his duty to register as a sex offender. The detective verified that Fernandez had not registered as a sex offender in the State of Arkansas or in the city of Fort Smith, as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901, *et seq.*

A grand jury charged Fernandez with knowingly failing to register as a sex offender after traveling in interstate commerce, in violation of 18 U.S.C. § 2250. He moved unsuccessfully to dismiss the indictment, and then entered a conditional guilty plea in which he reserved the right to appeal the district court's ruling on the motion.

Fernandez first argues on appeal that the SORNA violates the "non-delegation doctrine" of the Constitution, because 42 U.S.C. § 16913(d) authorizes the Attorney General to determine the scope of the law. Pursuant to § 16913(d), the Attorney General promulgated rules concerning the applicability of the SORNA, *see, e.g.*, 28 C.F.R. § 72.3 (2011), and Fernandez seeks to challenge his authority to do so. The district court ruled that under this circuit's decisions in *United States v. Hacker*, 565 F.3d 522, 527-28 (8th Cir. 2009), and *United States v. May*, 535 F.3d 912, 920-21 (8th Cir. 2008), Fernandez lacked standing to bring this challenge. These cases held that the scope of the Attorney General's rulemaking power under § 16913(d) was limited to defendants who were convicted of sex offenses prior to SORNA's enactment, but who were unable to register under § 16913(b). Only those unable to register before the SORNA's enactment, therefore, had standing to challenge § 16913(d) as a violation of the non-delegation doctrine. *See May*, 535 F.3d at 921. Because Fernandez was able to register upon his release from prison in 2009, the district court ruled he did not have standing to challenge § 16913(d).

*May* and its progeny, however, have been superseded by the Supreme Court's recent decision in *Reynolds v. United States*, 132 S. Ct. 975 (2012). *Reynolds* held

that the Attorney General's rulemaking power extends to all "pre-Act (and preimplementation) offenders" and that the "Act's registration requirements do not apply to pre-Act offenders until the Attorney General so specifies." *Id*. at 984. Because Fernandez committed the underlying sex offenses prior to the SORNA's implementation, he is subject to the Attorney General's authority to make rules under § 16913(d), and has standing to challenge the grant of that authority by Congress. While the district court understandably relied on our circuit precedent, *Reynolds* establishes that Fernandez has standing to raise his non-delegation claim, and we remand for the district court to consider that claim on the merits.

Fernandez's other challenges to the district court's ruling are foreclosed by circuit precedent. This court in *May*, 535 F.3d at 921-22, and *United States v. Howell*, 552 F.3d 709, 713-17 (8th Cir. 2009), held that Congress had authority under the Commerce Clause to enact 18 U.S.C. § 2250 and 42 U.S.C. § 16913, respectively. In *May*, 535 F.3d at 921, and *United States v. Baccam*, 562 F.3d 1197, 1198-1200 (8th Cir. 2009), this court held that notice to a sex offender of state law requirements that he must register when moving between jurisdictions is sufficient to establish that a prosecution for failure to register under the SORNA is consistent with the Due Process Clause. *Baccam* also held that a sex offender is subject to prosecution under § 2250(a) even if he has not received notice of the SORNA's registration requirements pursuant to 42 U.S.C. § 16917. The district court thus correctly rejected identical arguments raised by Fernandez.

For these reasons, we affirm in part, reverse in part, and remand for further proceedings.

_____