# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2131

_____

United States of America,

        Appellee,

v.

William Earl Mefford,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Arkansas.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: March 28, 2012
Filed: March 30, 2012

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Our previous opinion in this case, *see United States v. Mefford*, 417 F. App'x 586 (8th Cir. 2011) (unpublished per curiam), was vacated by the Supreme Court and remanded to us for reconsideration in light of *Reynolds v. United States*, 565 U.S. ---, 132 S. Ct. 975 (2012). For the reasons discussed below, we remand to the district court for further proceedings.

William Earl Mefford was convicted in Oklahoma in 1994 of sexual abuse of a minor. On November 4, 2009, he was indicted and charged under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901-16991, with

failing to register as a sex offender after having traveled in interstate commerce, in violation of 18 U.S.C. § 2250. Mefford moved to dismiss the indictment on multiple grounds, one of which was that SORNA violates the nondelegation doctrine, *see A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529 (1935), because it authorizes the Attorney General of the United States to determine the applicability of SORNA's registration requirements to persons convicted of a predicate sexual offense prior to SORNA's enactment. After the district court denied his motion to dismiss, Mefford entered a guilty plea conditioned on his right to appeal the denial, and we affirmed. Applying our then-current precedent, we held that Mefford lacked standing for a nondelegation challenge because SORNA applied to pre-enactment offenders who already had been required to register under state law, regardless of any rule-making by the Attorney General. *See Mefford*, 417 F. App'x at 586-87.

In *Reynolds*, the Supreme Court held that SORNA did not become effective as to pre-enactment offenders until the Attorney General exercised "*the authority to specify the applicability of the [registration] requirements . . . to sex offenders convicted before the enactment of this chapter . . . .*" 132 S. Ct. at 978 (quoting 42 U.S.C. § 16913(d)) (alterations and emphasis added in *Reynolds*). The Court remanded to the Third Circuit for consideration of the merits of the petitioner's challenge to SORNA on nondelegation grounds. *Id.* at 980, 984.[1] Under *Reynolds*, Mefford also is entitled to have his nondelegation challenge addressed on the merits. *See United States v. Fernandez*, --- F.3d ---, 2012 WL 612457, *1 (8th Cir. Feb. 28,

---

[1]The petitioner in *Reynolds* also challenged on Administrative Procedure Act notice-and-comment grounds the validity of the Attorney General's interim rule of February 28, 2007, in effect when the petitioner's alleged SORNA violation occurred. *See Reynolds*, 132 S. Ct. at 979-80. Here, it is undisputed that Mefford failed to register in 2009, after the Attorney General had issued a final rule exercising the authority to apply SORNA's requirements to pre-SORNA offenders. *See* 73 Fed. Reg. 38030, 38046 (2008). Therefore, unlike the petitioner in *Reynolds*, Mefford could not (and did not) assert any challenge to the interim rule.

2012) (per curiam). *Reynolds* does not affect Mefford's Commerce Clause and Due Process claims, *see Fernandez*, 2012 WL 612457 at *2, and we reinstate our previous opinion as to those two claims.

Accordingly, we remand to the district court for consideration of the nondelegation claim on the merits in the first instance, *see id.* at *1, and for other proceedings not inconsistent with this opinion.

_____