# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3562

_____

United States of America,         *
         *
      Plaintiff - Appellee,    *
         *   Appeal from the United States
   v.             *   District Court for the
         *   Western District of Arkansas.
John Sharp,         *
         *   [UNPUBLISHED]
      Defendant - Appellant.   *

_____

Submitted: April 20, 2012
Filed: April 23, 2012

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After unsuccessfully moving to dismiss his indictment, John Sharp pled guilty to one count of failing to update his sex offender registration in violation of 18 U.S.C. § 2250. The district court sentenced him to 33 months in prison and 10 years of supervised release. Sharp appeals the denial of his motion to dismiss the indictment and also challenges several special conditions imposed on his supervised release. We affirm in part and reverse in part.

Sharp was convicted in 1998 in Kansas state court of indecent solicitation of a child, an offense requiring him to register as a sex offender wherever he lives,

works, or attends school. After serving his sentence he moved to Missouri and registered as a sex offender. At various times he signed forms acknowledging his reporting duties under state law. After a 2011 traffic stop authorities discovered that Sharp had been living in Arkansas without registering there as a sex offender in violation of the Sex Offender Registration and Notification Act (SORNA). That statute, enacted in 2006, requires a sex offender to register in the jurisdiction where he lives and to update his registration after any change of residence. 42 U.S.C. § 16913(a), (c). SORNA gives the Attorney General the power to decide whether these registration requirements apply to persons convicted of a sex offense before the statute's enactment. Id. § 16913(d). Anyone required to register under SORNA due to a state sex offense who travels in interstate commerce and "knowingly fails to register or update a registration as required by [SORNA]" is subject to up to 10 years in prison. 18 U.S.C. § 2250(a).

Sharp was charged with failing to update his sex offender registration in violation of 18 U.S.C. § 2250. He moved to dismiss the indictment, arguing that the congressional delegation to the Attorney General in 42 U.S.C. § 16913(d) violated the Constitution's nondelegation principle, that he had not received adequate notice of SORNA in violation of his Fifth Amendment right to due process, and that SORNA violated the Commerce Clause. The district court denied the motion and Sharp entered a conditional guilty plea preserving his right to appeal. He was sentenced to 33 months in prison. Sharp now appeals, renewing his challenges to the indictment and attacking several special conditions of supervised release imposed at sentencing.

We review de novo the district court's denial of Sharp's motion to dismiss the indictment. United States v. Howell, 531 F.3d 621, 622 (8th Cir. 2008). The district court did not address Sharp's nondelegation argument on the merits since Eighth Circuit precedent at that time established that defendants in Sharp's position lacked standing to challenge Congress's delegation of authority to the Attorney General in

SORNA. E.g., United States v. May, 535 F.3d 912, 921 (8th Cir. 2008). The Supreme Court subsequently decided Reynolds v. United States, 132 S. Ct. 975, 984 (2012), which clarified that Sharp has standing to bring his nondelegation argument. The parties agree that a remand to the district court is appropriate so that it can consider that claim on the merits. See United States v. Fernandez, 671 F.3d 697, 698 (8th Cir. 2012).

Sharp's remaining challenges to his indictment are foreclosed by our precedent. We have concluded that notice of state law sex offender registration requirements satisfies due process, and that an offender need not receive specific notice of SORNA to sustain a conviction under 18 U.S.C. § 2250(a). See, e.g., United States v. Baccam, 562 F.3d 1197, 1199–1200 (8th Cir. 2009). We have also decided that Congress had authority under the Commerce Clause to enact 18 U.S.C. § 2250 and 42 U.S.C. § 16913. May, 535 F.3d at 921–22; United States v. Howell, 552 F.3d 709, 717 (8th Cir. 2009). For these reasons the district court's denial of Sharp's other challenges to the indictment should be affirmed. Because we conclude that Sharp's case must be remanded for the district court to consider his nondelegation challenge, it would be premature to address his arguments about the special conditions of his supervised release.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____