# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3357

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiff - Appellee,　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Arkansas.
Terrent Allen Chronister,　　　　 *
　　　　　　　　　　　　　　　　　*　[UNPUBLISHED]
　　　　Defendant - Appellant.　　 *

_____

Submitted:　April 20, 2012
　　Filed:　April 23, 2012

_____

Before MURPHY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Terrent Chronister pled guilty to failing to update his sex offender registration in violation of 18 U.S.C. § 2250 after moving unsuccessfully to dismiss the indictment. He was sentenced to 33 months in prison. He now appeals the district court's order denying his motion to dismiss the indictment. We affirm in part and reverse in part.

Chronister was convicted in 2003 in Oregon state court for first degree attempted unlawful sexual penetration, first degree attempted sexual abuse, and third degree sexual abuse. Since these convictions require sex offender registration under

Oregon law, he registered as a sex offender in that state in 2003. He later signed a form acknowledging that he was required to update his registration in Oregon and to register with any state to which he moved. He subsequently moved to Arkansas without updating his sex offender registration or notifying Arkansas law enforcement.

As a result of a 2010 traffic stop, authorities discovered that he had not registered in Arkansas as a sex offender as required by the Sex Offender Registration and Notification Act of 2006 (SORNA). SORNA requires a sex offender to register "in each jurisdiction where the offender resides" and to update his registration after any change of residence. 42 U.S.C. § 16913(a), (c). SORNA gives the Attorney General the power to decide whether these requirements apply to persons convicted of a sex offense before its enactment. Id. § 16913(d). Anyone required to register under SORNA due to a state sex offense who travels in interstate commerce and "knowingly fails to register or update a registration as required by [SORNA]" is subject to up to 10 years in prison. 18 U.S.C. § 2250(a).

Chronister was indicted for failing to update his sex offender registration in violation of 18 U.S.C. § 2250. He moved to dismiss the indictment, arguing that the congressional delegation to the Attorney General of the authority to decide whether SORNA's registration requirements were applicable to pre enactment sex offenders violated the Constitution's nondelegation principle; that he had not received fair notice that SORNA applied to him in violation of his Fifth Amendment right to due process; and that SORNA registration was legally impossible in Arkansas. The district court denied the motion. Chronister then entered a conditional guilty plea preserving his right to appeal, and he was subsequently sentenced. He now appeals the denial of his motion to dismiss the indictment, renewing the arguments he made before the district court.

We review de novo the district court's denial of the motion to dismiss the indictment. United States v. Smith, 171 F.3d 617, 619 (8th Cir. 1999). The district

court did not address Chronister's nondelegation argument on the merits since the Eighth Circuit's precedent at that time established that defendants like Chronister lacked standing to challenge the SORNA delegation of authority to the Attorney General. E.g., United States v. May, 535 F.3d 912, 921 (8th Cir. 2008). After the parties submitted briefing in this appeal, the Supreme Court decided Reynolds v. United States, 132 S. Ct. 975, 984 (2012), which clarified that Chronister has standing to make his nondelegation argument. We therefore remand for the district court to consider that argument on the merits. See United States v. Fernandez, 671 F.3d 697, 698 (8th Cir. 2012).

We reject Chronister's other arguments related to his indictment. We have held that an offender need only be notified of state law registration requirements to satisfy due process and to sustain a conviction under § 2250(a). United States v. Baccam, 562 F.3d 1197, 1199–1200 (8th Cir. 2009). In this case, Chronister was notified of his state law obligation to update his registration any time he moved and also that he was required under federal law to notify the state to which he moved. Nor was registration in compliance with SORNA legally impossible in Arkansas. Since Chronister could have complied with SORNA by merely registering under Arkansas state law requirements his argument fails. See United States v. Foster, 354 F. App'x 278, 281 (8th Cir. 2009); Ark. Code Ann. § 12-12-906(a)(2) (Arkansas registration requirements).

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____