# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3031

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Jonathon Patrick Curry, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 29, 2012
Filed:  May 16, 2012

_____

Before RILEY, Chief Judge, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

This case is on remand from the Supreme Court.  In an opinion filed December 6, 2010, *United States v. Curry*, 627 F.3d 312 (8th Cir. 2010), we affirmed Jonathan Curry's conviction under 18 U.S.C. § 2250 for failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act.  We vacated three special conditions of supervised release and remanded the case for resentencing.  On remand, the district court filed an amended judgment on March 4, 2011, that sentenced Curry to time served, and removed the three special conditions of supervised release that were vacated on appeal.  R. Doc. 37.

Curry then petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of *Reynolds v. United States*, 132 S. Ct. 975 (2012). *Reynolds* held that the Act's registration requirements do not apply to offenders who were convicted before the Act's effective date unless the Attorney General so specifies by valid regulation. *Reynolds* abrogated *United States v. May*, 535 F.3d 912 (8th Cir. 2008), which held that the registration requirements apply from the date of the Act's enactment, and prior to any specification by the Attorney General, at least with respect to pre-Act offenders who had already registered under state law.

One of Curry's challenges to the indictment involves the validity of the Attorney General's regulations. In February 2007, pursuant to 42 U.S.C. § § 16912(b) and 16913, the Attorney General promulgated an Interim Rule specifying that "[t]he requirement of [the Act] apply to all sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." 72 Fed. Reg. 8897 (codified at 28 C.F.R. § 72.3). The Attorney General subsequently promulgated further rules, regulations, and specifications. *See* 73 Fed. Reg. 38030 (2008); 75 Fed. Reg. 81849 (2010); 76 Fed. Reg. 1630 (2011). Our prior opinion in this case relied on *May* and *United States v. Zuniga*, 579 F.3d 845 (8th Cir. 2009), to hold that Curry lacked standing to challenge the validity of the Attorney General's regulations, because he was a pre-Act offender who had already registered in Nevada. *Curry*, 627 F.3d at 314. *Reynolds* establishes, however, that Curry has standing to raise his claim that the Act's delegation of authority to the Attorney General to issue regulations under § 16913(d) violates the non-delegation doctrine. *See United States v. Fernandez*, 671 F.3d 697, 698 (8th Cir. 2012) (per curiam).

For these reasons, we vacate the judgment of the district court and remand the case for the district court to consider Curry's non-delegation claim on the merits. *See United States v. Sharp*, No. 11-3562, 2012 WL 1382429, at *1 (8th Cir. Apr. 23,

2012); *Fernandez*, 671 F.3d at 698.  We reject Curry's other challenges to the indictment for the reasons stated in our prior opinion.  *Curry*, 627 F.3d at 314.

_____