# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1975

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Lindon Roy Knutson, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 13, 2012
Filed: June 1, 2012

_____

Before GRUENDER, BENTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lindon Roy Knutson was indicted for failing to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). *See* 18 U.S.C. § 2250(a), (c); 42 U.S.C. §§ 16911, 16913. The district court[1] denied his motion to dismiss the indictment. Knutson entered a conditional guilty plea, reserving his right to appeal that denial. On appeal, Knutson argues that SORNA violates the non-

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

delegation doctrine of the United States Constitution, and the Administrative Procedure Act. We affirm in part, reverse in part, and remand.

In 1974, Knutson was convicted of rape in Wisconsin. He was civilly committed there on two occasions and eventually released in March 2009. Knutson registered as a sex offender in Wisconsin. He later traveled to Minnesota. In November 2009, he was arrested by a Minnesota sheriff for failure to register as a sex offender. Released on bond, he failed to appear in court and was re-arrested for new charges of sexual assault. He pled guilty to those charges in Minnesota state court.

On July 26, 2007, SORNA went into effect, requiring "those convicted of certain sex crimes to provide state governments with (and to update) information, such as names and current addresses, for inclusion on state and federal sex offender registries." *Reynolds v. United States*, ____ U.S. ____ , ____, 132 S.Ct. 975, 978-79, (2012). Under SORNA, any person who (1) "is required to register under [SORNA]," (2) "knowingly travels in interstate or foreign commerce," and (3) "knowingly fails to register or update a registration as required by [SORNA]" is guilty of a crime punishable by fine and imprisonment for up to ten years. 18 U.S.C. § 2250(a); *see* 42 U.S.C. § 16913 (creating the registration requirement). SORNA delegates to the Attorney General "the authority to specify the applicability of the requirements of [SORNA] to sex offenders convicted before the enactment of [SORNA] or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders." 42 U.S.C. § 16913(d).

We review de novo the district court's denial of Knutson's motion to dismiss the indictment. *United States v. Howell*, 531 F.3d 621, 622 (8th Cir. 2008). The government argues that Knutson lacks standing to assert his non-delegation arguments. This court had previously held that pre-Act offenders lack standing to challenge SORNA. *E.g.*, *United States v. May*, 535 F.3d 912, 921 (8th Cir.2008),

*abrogated in part by Reynolds,* 132 S.Ct. 975. However, after the parties filed their briefs, the Supreme Court ruled that pre-Act offenders have standing to challenge SORNA under the non-delegation doctrine. *Reynolds*, 132 S.Ct. at 984. We therefore remand for the district court to consider this argument on the merits. *See United States v. Fernandez*, 671 F.3d 697, 698 (8th Cir. 2012); *United States v. Mefford*, No. 10-2131, 2012 WL 1059019, at *1 (8th Cir. Mar. 30, 2012); *United States v. Chronister*, No. 11-3357, 2012 WL 1395633, at *1 (8th Cir. Apr. 23, 2012); *United States v. Sharp*, No. 11-3562, 2012 WL 1382429, at *1 (8th Cir. Apr. 23, 2012).

Knutson also challenges the Attorney General's interim rule as not satisfying the notice-and-comment requirements of the Administrative Procedure Act. The Attorney General issued this interim rule to extend SORNA "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 72 Fed. Reg. 8894, 8897 (Feb. 28, 2007) *codified* at 28 C.F.R. § 72.3. The Attorney General invoked the "good cause" exception in order to dispense with the notice-and-comment procedure of the APA, giving immediate effect to the interim rule. *See* 72 Fed. Reg. at 8896-97. 5 U.S.C. § 553(b)-(d).

Three months later, the Attorney General published proposed "guidelines to interpret and implement SORNA." 72 Fed. Reg. 30,210 (May 30, 2007). After public comment, the final version of these "SMART" Guidelines was published in July 2008. *See* 73 Fed. Reg. 38,030 (July 2, 2008). The SMART Guidelines reaffirmed the interim rule applying SORNA to pre-Act offenders. *Id.* at 38,030 & 38,046. On January 28, 2011, the Attorney General promulgated a final regulation mirroring the interim rule. 75 Fed. Reg. 81,849-50 (Dec. 29, 2010).

The petitioner in *Reynolds* challenged the interim rule as violating the notice-and-comment requirements of the APA. *Reynolds*, 132 S.Ct. at 979-80. Responding to that challenge, the Supreme Court held that SORNA's "registration requirements do not apply to pre-Act offenders until the Attorney General so specifies," withholding judgment whether the interim rule is valid. *Id.* at 984. Knutson attacks the interim rule, but it does not apply to him. Knutson pled guilty to failure to register under SORNA for the period from August 1, 2009 through November 24, 2009–after the final rule became effective. He does not assert that the final rule is defective under the APA. Knutson cannot challenge the interim rule. *See Mefford*, 2012 WL 1059019, at *1 n.1; *United States v. Stevenson*, 676 F.3d 557, 565-66 (6th Cir. 2012).

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____