# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1316

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Doyle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison

_____

Submitted: September 18, 2012
Filed: October 12, 2012
[Unpublished]

_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Patrick Doyle was indicted for violating the Sex Offenders Registration and Notification Act ("SORNA"). Doyle filed a motion to dismiss the indictment on the basis of three constitutional challenges. In the face of binding Eighth Circuit precedent on all three points, the district court denied the motion. Because of the

Supreme Court's recent decision in *Reynolds v. United States*, 565 U.S. ---, 132 S. Ct. 975, 978 (2012), we affirm in part and reverse in part.

As a result of a 2003 conviction for sexual misconduct involving a child, Doyle was required to register as a sex offender in the state of Missouri. In 2010 and 2011, Doyle signed Missouri state forms acknowledging he would meet the registration obligations imposed by both the state of Missouri and 18 U.S.C. § 2250, the provision of the SORNA criminalizing failures to register. After moving to Arkansas in 2011, Doyle failed to register as a sex offender. Doyle was indicted for violating the SORNA's registration requirement, but he sought to have the indictment dismissed on one of three constitutional grounds: first, Congress had improperly delegated authority to the Attorney General to determine how the SORNA would apply to sex offenders who, like him, had been convicted pre-SORNA; second, the SORNA violates the Commerce Clause; third, SORNA registration was legally impossible in Arkansas because it had not yet been implemented at the time of Doyle's arrest, and thus requiring Doyle to register under the SORNA violated his due process rights. The district court denied the motion, and Doyle entered a conditional guilty plea reserving the right to appeal the denial of his motion to dismiss.

*Reynolds* has given Doyle's first constitutional challenge new life. As others had done before him, Doyle argued that the SORNA violates the "non-delegation doctrine," which prohibits Congress from delegating legislative power in the absence of an intelligible principle. *See Mistretta v. United States*, 488 U.S. 361, 371-72 (1989). This court in *United States v. May* had ruled that those in Doyle's position lacked standing to bring such a challenge. 535 F.3d 912, 920-21 (8th Cir. 2008). A provision in the SORNA grants the Attorney General "the authority to specify the applicability" of the act to sex offenders convicted before July 27, 2006 (the date of enactment) "and for other categories of sex offenders who are unable to comply" with the initial registration requirement in subsection (b). 42 U.S.C. § 16913(d) (2006). On February 28, 2007, the Attorney General issued an interim rule applying the

SORNA's registration requirements to all sex offenders, including those convicted prior to its enactment. *May* interpreted the Attorney General's rulemaking authority as extending only to those offenders with pre-enactment convictions who could not register as sex offenders prior to the SORNA's enactment. The Supreme Court in *Reynolds* held that the rulemaking power of the Attorney General extended to all pre-enactment offenders, and because the SORNA's registration requirements did not apply to these individuals before the Attorney General promulgated his 2007 rule, they did have standing to challenge the action. A remand is appropriate so that the district court can consider the merits of Doyle's improper delegation claim. *See United States v. Fernandez*, 671 F.3d 697, 698 (8th Cir. 2012) (per curiam), *cert. denied*, 566 U.S. ---, 132 S. Ct. 2731 (2012) .

We affirm the district court's denial of Doyle's Commerce Clause and due process challenges because both are foreclosed by circuit precedent that remains undisturbed by *Reynolds*. A conviction under the SORNA requires proof that the defendant traveled in interstate commerce and thereafter failed to register as a sex offender. 18 U.S.C. § 2250(a)(2)(B). The Supreme Court has upheld Congress's power under the Commerce Clause to regulate "the use of the channels of interstate commerce" and "persons or things in interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). As we have held, the SORNA is a valid exercise of Commerce Clause power under either of these formulations. *See United States v. Howell*, 552 F.3d 709, 717 (8th Cir. 2009); *May*, 535 F.3d at 921-22. Similarly, the Eighth Circuit has also previously rejected Doyle's due process argument, holding that notice to a sex offender of his duty under the SORNA to meet pre-existing state registration requirements is sufficient to comport with the requirements of the Due Process Clause, even if the state has not yet incorporated the SORNA's requirements. *United States v. Baccam*, 562 F.3d 1197, 1199 (8th Cir. 2009); *May*, 535 F.3d at 921.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

_____