# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3295

_____

United States of America

*Plaintiff - Appellee*

v.

Steve Ray Walls

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 8, 2013
Filed: May 6, 2013
[Unpublished]

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Steve Ray Walls was indicted for failing to register as a sex offender under the
Sex Offender Registration and Notification Act ("SORNA" or "Act"). See 18 U.S.C.

§ 2250(a), (c); 42 U.S.C. §§ 16911, 16913. The district court[1] denied Walls's motion to dismiss the indictment on several grounds. Walls entered a conditional guilty plea, reserving his right to appeal that denial. We affirm his conviction.

Walls pled guilty to attempted aggravated sexual battery in Wyandotte County, Kansas, on June 26, 1995. At the time of his conviction, the government informed Walls of his duty to register as a sex offender in Kansas. Walls had several prior state convictions for failure to comply with Kansas's registration requirements. On January 24, 2009, Walls was arrested in Kansas City, Missouri, on outstanding Wyandotte County, Kansas warrants. In a January 27, 2009 interview with the United States Marshals Service, Walls admitted that he knew he was required to register as a sex offender in Missouri but that he had not done so. He was released to Kansas, convicted under Kansas's Offender Registration Act, and placed on probation.

In December 2009, his Kansas probation officer attempted to complete a home visit at Walls's previously reported Kansas City, Kansas address but was unable to locate him there. Authorities later located Walls in Kansas City, Missouri, and he reported staying at the City Union Mission in Kansas City, Missouri. Walls had not registered as a sex offender in Missouri. A grand jury indicted Walls on one count of violating SORNA from January 27, 2009, to July 13, 2010.

On appeal, Walls raises the same arguments rejected by the district court: (1) he had no duty to register under SORNA because he was not specifically informed of the requirement prior to the charged offense, (2) his conviction for a SORNA violation violates the Ex Post Facto Clause, (3) Congress violated the nondelegation doctrine when it allowed the Attorney General to establish SORNA's applicability to sex offenders convicted before passage of the Act, and (4) the Attorney General

---

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

violated the Administrative Procedures Act ("APA") when he issued an interim regulation declaring SORNA to be retroactively applicable to those convicted before the Act passed without abiding by the APA's notice-and-comment requirements.

Each of Walls's grounds for appeal involves claims of statutory construction or constitutional error, and thus we review his appeal de novo. See Royal v. Kautzky, 375 F.3d 720, 722 (8th Cir. 2004). We are bound by our prior precedent, and each of Walls's challenges has been previously rejected by this Court. See United States v. Baccam, 562 F.3d 1197, 1199-1200 (8th Cir. 2009) (holding that an offender need only be notified of state law registration requirements to sustain a conviction under section 2250(a)); United States v. Waddle, 612 F.3d 1027, 1029 (8th Cir. 2010) (holding SORNA does not violate the Ex Post Facto Clause because it does not punish defendants for having been convicted of a crime but instead punishes sex offenders who travel in interstate commerce after SORNA's enactment and who fail to register as required by SORNA); United States v. Kuehl, 706 F.3d 917, 920 (8th Cir. 2013) (holding the congressional grant of authority to the Attorney General in 42 U.S.C. § 16913(d) to be constitutionally valid because Congress had set forth an intelligible principle to guide in the exercise of the granted authority); United States v. Knutson, 680 F.3d 1021, 1023 (8th Cir. 2012) (per curiam) (holding that defendant could not challenge whether interim rule violated the APA's notice-and-comment requirement when he pled guilty to violating SORNA for a period of time after the final guidelines, which did go through the notice-and-comment process, became effective on August 1, 2008).

We therefore affirm the judgment of the district court.

_____